DIVINE SERENITY SHOP, INC.,
a Florida Corporation, and
MADE WITH LASER, LLC d/b/a
APARTMENT BOTANIST,
a New Jersey Corporation,

        Plaintiffs,

v.                             CASE NO.:

PLANT IDENTIFICATION INC., d/b/a
PALMSTREET, f/k/a PLANTSTORY,
a California Corporation,
CHEN LI,
an individual,
DANIELLE CICCOLI,
an individual,
KATHY BANEGAS d/b/a THE HEALING GEM,
BREANNA PALACIOZ d/b/a
CRYSTAL VIBRATIONS, and
XIAOHONG HOLLY SONG d/b/a
THE CRYSTAL TABBY,

        Defendants.

_____/

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND**
**JURY TRIAL DEMAND**

    Plaintiffs, DIVINE SERENITY SHOP, INC. (hereinafter "Divine Serenity") and MADE

WITH LASER, LLC d/b/a APARTMENT BOTANIST (hereinafter "Apartment Botanist")

(collectively, "Plaintiffs"), sue Defendants PLANT IDENTICATION, INC., d/b/a/

PALMSTREET, f/k/a PLANTSTORY, Inc. (hereinafter "Palmstreet"), CHEN LI (hereinafter

"Chen"), DANIELLE CICCOLI (hereinafter Ciccoli"), KATHY BANEGAS (hereinafter

'Bangas") d/b/a THE HEALING GEM (hereinafter "Healing Gem"), BREANNA PALACIOZ

(hereinafter "Palacioz") d/b/a CRYSTAL VIBRATIONS (hereinafter "Crystal Vibrations"), and

XIAOHONG HOLLY SONG d/b/a THE CRYSTAL TABBY (hereinafter "Crystal Tabby") (collectively, "Defendants"), and allege as follows:

## I. <u>NATURE OF THE ACTION</u>

1.    This is an action for damages and injunctive relief arising out of Defendants' unlawful conduct, including violations of the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and the Sherman Antitrust Act, as well as common law claims for breach of implied contract, tortious interference, defamation, breach of fiduciary duty, civil conspiracy and unjust enrichment. Defendants' actions have caused significant financial harm to Plaintiffs, destroyed valuable business relationships, and unlawfully appropriated Plaintiffs' intellectual property. The plaintiffs seek compensatory and treble damages, punitive damages, injunctive relief, and any other relief the Court deems just and proper to remedy the extensive harm caused by the defendants' actions.

## II. <u>JURISDICTION AND VENUE</u>

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves claims arising under federal statutes, including the Lanham Act (15 U.S.C. § 1125(a) and federal antitrust laws (15 U.S.C. § 1 et seq.). This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, where Divine Serenity Shop, Inc. is located and conducts business.

4.    This Court has personal jurisdiction over Defendants because they conduct business in this District, and the harm to Plaintiffs was felt within this District.

### III. THE PARTIES

5.      Plaintiff Divine Serenity Shop, Inc. is a Florida Corporation, located in Hillsborough County, Florida and conducts business in the State of Florida. Divine Serenity is a retail business specializing in the sale of crystals, jewelry and metaphysical products.

6.      Plaintiff Made with Laser, LLC d/b/a Apartment Botanist is a New Jersey Corporation, located in the State of New Jersey and conducts business in the State of Florida. Apartment Botanist is a business specializing in the sale of plants and crystals, successfully integrating these two communities.

7.      Defendant Plant Identification Inc., d/b/a Palmstreet, f/k/a Plantstory, is a Delaware Corporation, registered as a California Corporation, located in the State of California, and conducts business in the State of Florida. Palmstreet operates an online marketplace platform that facilitates the sale of various goods, including crystals.

8.      Defendant Chen Li, is an individual over the age of 18 and is sui juris, is located in the State of California, and is the Founder, Owner, President and CEO of Defendant Plant Identification Inc., d/b/a Palmstreet, f/k/a Plantstory that conducts business in the State of Florida.

9.      Defendant Danielle Ciccoli, is an individual over the age of 18 and is sui juris, is located in the State of Ohio, and is an individual who, at all relevant times, was employed by Defendant Palmstreet as a Business Development Director for the Crystal category, that conducts business in the State of Florida.

10.     Defendant Kathy Banegas, is an individual over the age of 18 and is sui juris, is located in the State of California, and is an individual operating The Healing Gem, a registered

fictious name in Los Angeles County California[1], selling crystals through Palmstreet, and conducts business in the State of Florida.

11.     Defendant Breanna Palacioz, is an individual over the age of 18 and is sui juris, is located in the State of California, and is an individual operating Crystal Vibration, a registered fictious name in Los Angeles County California, selling crystals through Palmstreet, and conducts business in the State of Florida.

12.     Defendant Xiaohong Holly Song, is an individual over the age of 18 and is sui juris, is located in the State of California, and is an individual operating The Crystal Tabby, selling crystals directly imported from their own factory in China, through Defendant Kathy Banegas d/b/a The Healing Gem, Defendant Breanna Palacioz d/b/a Crystal Vibration, Eleven Entities and others, to sell wholesale crystals directly to consumers, through Palmstreet, across the United States including business conducted in the State of Florida.

## IV.   FACTUAL ALLEGATIONS

13.     Palmstreet is a live shopping platform that specializes in plants, crafts, and crystals. Users can explore live shows, interact with sellers in real-time, and discover unique items through the marketplace. The platform offers a streamlined seller experience with low fees, flexible selling methods, and a dedicated seller hub to grow businesses. Palmstreet is designed for enthusiasts and collectors looking to find special collectibles and engage with a like-minded community.

14.     Palmstreet's community rules include specific guidelines that prevent unfair competition between wholesale crystal sellers and resale sellers. For instance, the platform restricts

---

[1] Pursuant to the County Clerk Disclaimer, the filing of a Fictitious Business Name Statement does not of itself authorize the use in the State of California, a Fictitious Business Name in violation of the rights of another under Federal, State, or common law. See https://apps.lavote.gov/#/onlinesearch.

the number of seller accounts per household to prevent monopolization, stating, "Having multiple seller accounts has the potential to create an environment where multiple sellers can overtly monopolize the buyer community, all to the benefit of a single seller". Additionally, sellers are prohibited from dropshipping, which ensures authenticity and fairness in the marketplace: "We do not allow drop-shipping from e-commerce platforms such as Amazon". See Exhibit "A" attached hereto.

15.     These rules ensure that smaller resale sellers can compete fairly without being overshadowed by larger wholesale operations.

16.     When a wholesaler competes on the same platform as a reseller, it can be financially detrimental to the reseller for several reasons:

     i.   **Price Undercutting**: Wholesalers can afford to sell products at lower prices due to their bulk purchasing power, which can force resellers to lower their prices, reducing their profit margins.

    ii.   **Inventory and Variety**: Wholesalers typically have larger inventories and can offer a wider variety of products, making it difficult for resellers to compete on selection and availability.

   iii.   **Perceived Value**: Buyers may perceive wholesale straw sellers as offering better value for money, leading to reduced sales for resellers.

17.     Defendant Xiaohong Holly Song, according to her Yelp[2] bio, "opened a factory in Donghai, China called Donghai Himalaya Crystal, to fulfill customers' orders" in the United States through her d/b/a The Crystal Tabby. Defendant Song uses third-party straw sellers, including Defendant Kathy Banegas d/b/a The Healing Gem, Defendant Breanna Palacioz d/b/a Crystal

---

[2] See https://www.yelp.com/biz/the-crystal-tabby-azusa.

Vibration, Eleven Entities, and others, to sell wholesale crystals directly to consumers through Defendant Palmstreet. This practice circumvents state tax requirements that mandate consumers without a resale certificate to pay taxes on wholesale purchases. The requirement for a resale certificate is clearly disclosed on Defendant Song's Crystal Tabby website.[3]

18.      Specifically, Defendant Song's third-party straw sellers, which include Defendant Kathy Banegas d/b/a The Healing Gem, Defendant Breanna Palacioz d/b/a Crystal Vibration, Eleven Entities, and others, identify themselves as "employees" of Defendant Song d/b/a The Crystal Tabby. These straw sellers conduct live sales on the Palmstreet platform directly from Defendant Song's warehouse located at 1231 Mountain View Circle, Azusa, CA 91702. During these live sessions, they display crystals and merchandise owned by Defendant Song and offer them to consumers—who do not hold a reseller certificate—at wholesale prices or at rates significantly lower than typical reseller prices

### a. The Damage to Plaintiff Made with Laser, LLC d/b/a Apartment Botanist.

19.      Apartment Botanist was the first crystal seller on the Palmstreet platform, starting in 2023, and played a pivotal role in establishing the crystal category on the platform.

20.      Specifically, on or about September 18, 2023, Alessia Resta, owner of Made with Laser, LLC d/b/a Apartment Botanist, was contacted by Chen Li, CEO of Palmstreet (formerly Plant Story), to join the Palmstreet platform as one of the first crystal sellers. Chen Li sought out Alessia specifically because of her unique ability to bridge the plant and crystal communities, a quality that aligned with Palmstreet's expansion goals.

21.      During their initial discussions, Chen Li assured Apartment Botanist that Palmstreet would maintain an exclusive environment, free from the interference of wholesalers,

---

[3] See. https://thecrystaltabby.com/pages/faq.

which was a critical factor in Apartment Botanist's decision to move their business to the platform. Chen Li's vision of Palmstreet as a high-end, exclusive marketplace was crucial in persuading Apartment Botanist onboard as a seller.

22.     Apartment Botanist invested heavily in inventory and marketing based on Palmstreet's assurances that it would be supported as a key seller and protected from unfair competition.

23.     Apartment Botanist, saw a steady increase in sales from **$900.00** in September 2023 to **$14,000.00** by December 2023. This growth was driven by her ability to attract both plant and crystal enthusiasts, converting them into loyal customers. See Exhibit "B" attached hereto.

24.     At the beginning of 2024, Apartment Botanist experienced significant revenue growth, reporting total revenue of **$280,084.82** from January 1, 2024, to August 3, 2024. This growth was driven by Apartment Botanist's strong reputation on the Palmstreet platform, its established customer base, and its strategic marketing efforts. See Exhibit "B".

25.     Despite these assurances, in early 2024, Palmstreet, under the direction of Danielle Ciccoli, began onboarding wholesale straw sellers as a front to sell crystals for a wholesaler at wholesale prices to deliberately undercut Apartment Botanist's prices, poached its customers, and flooded the market with lower-priced China sourced quality products.

26.     Specifically, beginning in the second quarter of 2024, Apartment Botanist's revenue stream began to show signs of volatility. This fluctuation coincided with the introduction of wholesale straw sellers on the Palmstreet platform, including Breanna Palacioz d/b/a Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem, and several other unincorporated entities.

27.     These sellers, operating under the direction of Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, began selling crystals directly imported

from China at significantly lower prices directly to consumers. This influx of low-cost competitors undercut Apartment Botanist's pricing structure and eroded its market share, leading to a noticeable decline in revenue.

28.     The timing and nature of Apartment Botanist's revenue decline directly correlate with the onboarding of wholesale straw sellers by Palmstreet under the direction of Danielle Ciccoli. Specifically, the introduction of these sellers coincided with a sharp and unprecedented drop in sales that could not be explained by any other market factors, such as changes in consumer demand or economic conditions. The plaintiffs will provide expert testimony to demonstrate that this revenue decline was a direct and foreseeable consequence of the defendants' actions, including the wrongful use of proprietary information and the deliberate undercutting of prices.

29.     These wholesale straw sellers are straw sellers of Defendant Xiaohong Holly Song d/b/a The Crystal Tabby, that sell Song/Crystal Tabby products imported directly from China in California or across the United States through encouraging internet platforms that include Defendant Palmstreet, to sell at wholesale prices directly to consumers who do not hold qualifying reseller tax certificates from their perspective states. This severely undermined the market for Apartment Botanist and other resellers including but not limited to Divine Serenity given resellers cannot compete with wholesale seller's prices. See Exhibit "C" attached hereto.

30.     Every state across the United States, requires every consumer that purchases from a wholesale seller, to have a valid resale tax certificate to purchase merchandise from the wholesale seller because wholesale straw sellers are tax exempt. Such is the case under California Revenue and Taxation Code Section 6091, California Revenue and Taxation Code Section 6092 and California Code of Regulations, Title 18, Section 1668.

31.     These California laws (as is the case with every other state) require that a reseller in California must obtain and provide a resale certificate to the wholesaler to avoid being charged sales tax on the purchase of goods intended for resale. The wholesale reseller must have a valid seller's permit issued by the California Department of Tax and Fee Administration (CDTFA) to issue a resale certificate.

32.     Apartment Botanist reported these issues multiple times, including evidence of customer poaching and violations of the platform's community guidelines, but Palmstreet failed to take any action. Instead, Ciccoli continued to favor these sellers, and advertised these warehouse straw sellers on the Palmstreet platform, providing them with incentives and protections while undermining Apartment Botanist's business, in direct violation of the platform's guidelines. See Exhibit "D" attached hereto.

33.     Defendant Kathy Banegas d/b/a The Healing Gem, along with other defendants, gained significant traction on the platform due to Defendant Palmstreet allowing them to sell from Defendant Xiaohong Holly Song's d/b/a The Crystal Tabby warehouse and to offer wholesale or deliberately undercut prices to Apartment Botanist's customers. Apartment Botanist faced further challenges, including false and disparaging statements made by Defendant Kathy Banegas d/b/a The Healing Gem and the other defendants. See Exhibit "E" attached hereto.

34.     For example, Defendant Kathy Banegas d/b/a The Healing Gem falsely claimed to Apartment Botanist customers on the Palmstreet platform that Apartment Botanist had instructed them to unfollow The Healing Gem, which was untrue. She also falsely alleged that she was being bullied by Apartment Botanist, that Apartment Botanist was upset because The Healing Gem's pricing was better. She misrepresented to customers in Palmstreet lives that she was not selling from a wholesale warehouse (The Crystal Tabby) while at the same time admitting she was

an employee of the wholesale warehouse, showing not her merchandise that she paid for but rather, the merchandise of the wholesale warehouse. She identified Apartment Botanist as the person with the slogan "the first crystal seller." See Exhibit "E" attached hereto.

35.     Given Apartment Botanist is in fact the "first crystal seller" that uses this slogan on her Palmstreet page, customers knew exactly who Defendant Kathy Banegas was referring to which in turn, caused customers to disengage business with Apartment Botanist and in turn, do more business with Defendant Kathy Banegas d/b/a The Healing Gem.

36.     These statements misled consumers into believing that Apartment Botanist's products were overpriced, that she was a bully, that she was making false statements against Defendant Kathy Banegas d/b/a The Healing Gem when it was Defendant Kathy Banegas d/b/a The Healing Gem that was making the false and misleading statements against Apartment Botanist for the sole purpose of financial gain and disarrangement of Apartment Botanist's reputation.

37.     The unfair competition and defamatory statements directly impacted consumer perception, leading to a further decline in sales. Loyal customers of Apartment Botanist were lured away by the promise of cheaper prices from these new entrants, resulting in a significant decrease in Apartment Botanist's revenue by mid-2024.

38.     Despite multiple complaints and reports submitted by Apartment Botanist to Palmstreet, platform management, including Chen Li, Jeffrey Lieu, Andy Sinsel and particularly Danielle Ciccoli, failed to enforce community guidelines that were meant to protect established sellers from such unfair competition. Instead, because of Defendant's personal relationships with these wholesale straw sellers, many of whom she deliberately onboarded to directly compete with Apartment Botanist and Divine Serenity, after being privy to their proprietary information, Defendant Palmstreet and Danielle Ciccoli allowed for the false, misleading and failure to abide

by community guidelines to occur to the detriment of Apartment Botanist. See Exhibit "F" attached hereto

39.     This lack of enforcement allowed the wholesale straw sellers to continue their operations unchecked, exacerbating the decline in Apartment Botanist's revenue. By mid-2024, Apartment Botanist's revenue had significantly decreased from its earlier peak, and the company was struggling to maintain its position in the market.

40.     In response to the ongoing challenges, Apartment Botanist attempted to adjust its pricing strategy and increase promotional efforts to regain lost customers. However, these efforts were largely unsuccessful due to the overwhelming presence of low-cost competitors who continued to dominate the platform without facing any regulatory action.

41.     The continued presence of these sellers on the platform, coupled with the ongoing disparagement of Apartment Botanist's name and product pricing, led to an inability to recover the lost revenue, further deepening the financial impact on the business.

42.     By August 3, 2024, Apartment Botanist's total revenue had fallen to **$257,184.27** after accounting for selling fees and other expenses, despite the company's earlier success in the first quarter of the year. See Exhibit "G" attached hereto.

43.     Apartment Botanist and Divine Serenity will introduce customer feedback and complaints as evidence of causation, showing that customers explicitly stated they were influenced by the lower prices and defamatory statements of the new sellers, leading to their decision to stop purchasing from the plaintiffs. These customer statements will be supplemented by expert analysis that quantifies the financial impact of the defendants' actions, further linking the decline in revenue to the wrongful conduct of the defendants.

44.     The decline in revenue was directly attributable to the actions of Defendant Xiaohong Holly Song's d/b/a The Crystal Tabby, Defendant Kathy Banegas d/b/a The Healing Gem, Defendant Breanna Palacioz d/b/a Crystal Vibration, Eleven Entities and others and the failure of Defendant Palmstreet, Chen Li and Danielle Ciccoli to protect legitimate sellers like Apartment Botanist from such harmful practices. The estimated total revenue loss attributable to these factors was **$721,251.03** for the year 2024, reflecting a severe financial impact on the business.

45.     As a direct result of these actions, Apartment Botanist suffered **$721,251.03** in actual damages (lost revenue) between early 2024 and mid-2024.[4]

46.     Due to the deliberate and egregious nature of Defendants' actions, Apartment Botanist seeks treble damages amounting to **$2,163,753.09**.

**b. The Damage to Divine Serenity Shop, Inc.**

47.     At the beginning of 2024, Divine Serenity Shop, Inc. ("DSS") noted the crystal community was very strong and wanted to bring her experience of owning a retail crystal shop to

---

[4] The month-to-month growth rates for Apartment Botanist in 2024 are as follows:
- **February:** 85.71%
- **March:** 61.54%
- **April:** 42.86%
- **May:** 26.67%
- **June:** 15.79%
- **July:** 18.18%
- **August:** 7.72% (up to August 3, 2024)

The average monthly growth rate during this period is approximately **36.92%**. This average can be used to predict future growth if similar conditions continue. Based on the estimated month-to-month growth rate of 36.92%, the recalculated financial projections for Apartment Botanist for the remainder of 2024 are as follows:
- **September 2024:** $383,505.25
- **October 2024:** $525,113.35
- **November 2024:** $719,009.79
- **December 2024:** $984,501.87

the community, selling crystals, handmade jewelry, crystal cleansing, and spiritual products on the Palmstreet platform, relying on Palmstreet's promises of a fair and supportive environment for small businesses.

48.     DSS was one of the original first three (3) crystal sellers on the Palmstreet platform that was very different from all the other sellers given its owner Teresa Martinez' knowledge of crystal sourcing, meanings and spirituality. All of DSS's crystals and/or merchandise were hand-picked, hand-made and cleansed before selling and shipping. DSS invested significant time and resources into building its presence on the platform, attracting a loyal customer base throughout the United States.[5]

49.     DSS began working closely with Palmstreet to enhance its presence and sales on the Palmstreet platform. As part of this collaboration, DSS was encouraged by Palmstreet's management, specifically Defendant Chen Li, to speak with Defendant Danielle Ciccoli, to share detailed information about its business strategies, marketing plans, and intellectual property. See Exhibit "H" attached hereto.

50.     DSS, trusting Defendant Palmstreet as a business partner, disclosed its proprietary marketing strategies, customer acquisition plans, product sourcing methods, and other confidential business information. This included data on DSS's best-selling products, target demographics, pricing models, and promotional tactics, which had been developed over years of experience in

---

[5] Palmstreet was originally known as Plant Story with a seller base of plant sellers and a customer base of plant buyers. Chen engaged DSS's knowledge base of how DSS could help grow and increase revenue with by incorporating crystal buyers onto the platform. Chen admittedly had no knowledge of crystals. DSS encouraged Chen to bring in a Crystal Director to bring crystal sellers together to create an organized crystal department on the Palmstreet platform apart from the plant community (the name was changed from Plant Story to Palmstreet predominantly because the sale of crystals was rapidly increasing between the original first 3 sellers). Chen implemented DSS's recommendations thus hiring Defendant Ciccoli to whom DSS divulged proprietary DSS business strategies, marketing plans and intellectual property.

the crystal and metaphysical market. DSS educated Defendant Danielle Ciccoli in-depth about call of the above and disclosed DSS's intent to provide services on the Palmstreet platform in addition to the sale of products.

51.     DSS believed that sharing this information would help Palmstreet tailor its support and resources to better align with DSS's growth objectives. At no time was DSS informed by Palmstreet or Ciccoli, or led to believe that DSS's proprietary information would be used to grow Defendant Palmstreet's presence and revenue or for the financial gain of DSS's competitors on the platform that were directly connected to Defendant Danielle Ciccoli.

52.     Danielle Ciccoli assured DSS that the information shared would be used solely to enhance DSS's success on the platform and that it would remain confidential, but it was not. Based on these assurances, DSS continued to provide valuable insights into its business, including upcoming product launches and strategic initiatives designed to differentiate DSS from other sellers on the platform. Instead, one by one, members of this platform "coven" began introducing the very products and services DSS had discussed with Defendant Ciccoli.

53.     Upon information and belief, and reliance thereon, Danielle Ciccoli and other Palmstreet representatives intentionally misused the confidential information shared by DSS, not to support DSS's growth as promised, but to benefit other wholesale straw sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem and other Palmstreet sellers that claimed to all be part of a "coven". These actions were taken with the specific intent to undermine DSS's competitive position on the Palmstreet platform by enabling these sellers to replicate DSS's marketing strategies and undercut its prices.

54.     Palmstreet, with direct involvement from Danielle Ciccoli, shared DSS's proprietary strategies and intellectual property with these wholesale straw sellers. Armed with this

inside knowledge, the competing sellers were able to replicate and undercut DSS's marketing strategies, product offerings, and pricing models, effectively diminishing DSS's competitive edge.

55.     Upon information and belief, and reliance thereon, Kathy Banegas d/b/a The Healing Gem and Breanna Palacioz d/b/a Crystal Vibration were provided with detailed insights into DSS's product sourcing and pricing strategies, by Palmstreet through Danielle Ciccoli, which they used to source similar products at lower costs and offer them at reduced prices on the Palmstreet platform.

56.     Upon information and belief, and reliance thereon, Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, through its straw sellers Kathy Banegas d/b/a The Healing Gem and Breanna Palacioz d/b/a Crystal Vibration and other "coven" members, received confidential information about DSS's customer acquisition and engagement strategies, by Palmstreet through Danielle Ciccoli, which was then used to design targeted marketing campaigns that directly competed with and siphoned off DSS's customer base.

57.     Defendants Ciccoli, Palacioz, Banegas, Song and her manager Hsihung, acted with malice and in reckless disregard of the plaintiffs' rights, as evidenced by internal communications and patterns of behavior that reveal a deliberate scheme to displace the plaintiffs from their established market positions. The plaintiffs will introduce discovery evidence, including emails and messages, that shows the defendants discussing strategies to target the plaintiffs' customer base and to replicate their business models with the intent to cause financial harm. See Exhibit "I" attached hereto.

58.     Palmstreet's misuse of DSS's confidential information and intellectual property extended to promotional tactics as well. DSS's unique approach to product launches and limited-

time offers was replicated by these competing sellers, who used the same methods to attract DSS's customers with similar products at lower prices.

59. DSS had invested in expanding its product line with new products and improving its marketing efforts towards the end of 2023 and the start of 2024 in anticipation and preparation of launching on the Palmstreet platform. This investment led to a steady increase in sales during the first quarter of 2024, as customers responded positively to the new offerings and promotions.

60. DSS experienced modest but consistent revenue growth, reporting total revenue of **$33,091.41** from January 1, 2024, to August 9, 2024. This growth was attributed to DSS's established customer base and the increasing demand for spiritual and wellness products on the Palmstreet platform. See Exhibit "J" attached hereto.

61. As 2024 progressed, DSS's revenue stream began to experience significant fluctuations, particularly in the second quarter. This instability directly resulted from defamatory statements made by the defendants, who falsely claimed that DSS's products were overpriced and of the similar or lower quality as the wholesale straw sellers. These statements were disseminated widely on the Palmstreet platform and through social media channels, directly causing customers to question the value and authenticity of DSS's offerings. The plaintiffs will present specific instances where customers referenced these defamatory statements as reasons for discontinuing their purchases from DSS.

62. These sellers, operating under the direction of Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, began selling similar spiritual and wellness products, particularly crystals, imported from China, at significantly lower prices directly to consumers. This influx of low-cost competitors undercut DSS's pricing structure and siphoned off a substantial portion of its customer base, leading to a noticeable decline in revenue.

63.     As these straw seller defendants gained prominence on the Palmstreet platform, DSS also faced challenges from false and disparaging statements made by these straw warehouse sellers that continuously claimed DSS and Apartment Botanist's pricing was overpriced and of the same or similar quality as compared to those offered by these new competitors at wholesale rates.

64.     The unfair competition and defamatory remarks about Apartment Botanist and DSS directly impacted DSS's brand perception among its customers. As a result, many loyal customers were drawn away by the lower prices and misleading claims of better quality from these new entrants, resulting in a significant decrease in DSS's revenue by mid-2024.

65.     DSS contacted Defendant Chen Li, the CEO of Palmstreet, as well as other key executives, including Jeffrey Liew and Danielle Ciccoli, to discuss the adverse impact these straw sellers were having on its business.[6] See Exhibit "K" attached hereto.

66.     In a series of emails and phone calls during the third quarter of 2024, DSS directly communicated with Defendant Chen Li, outlining the specific problems it was facing. DSS informed Defendant Chen Li about the influx of wholesale straw sellers who were undercutting prices and violating platform guidelines. See Exhibit "K".

67.     DSS emphasized that these sellers, operating as straw sellers for a wholesale warehouse that was not a direct seller on the platform, were creating an unfair competitive environment that was damaging to established businesses like DSS. DSS requested that Palmstreet take immediate action to enforce its guidelines and protect legitimate sellers on the platform.

---

[6] In addition to these key executives, DSS also spoke to Andy Sinsel and Hope Long. Neither of these Palmstreet members followed up with DSS or indicated they ever investigated or resolved any of DSS's concerns.

68.     DSS also engaged in several discussions with Jeffrey Liew, an officer at Palmstreet, during this time. In these conversations, DSS provided detailed accounts of the straw sellers' activities and the impact on DSS's revenue.

69.     DSS urged Defendant Palmstreet, through its officers and directors inclusive of Defendants Chen Li and Danielle Ciccoli, to take corrective measures, such as enforcing platform guidelines more strictly, and stop the acts of misleading customers with false claims about the pricing and quality of DSS's products. DSS requested that Ciccoli enforce the platform's rules to stop the unfair competition and protect the integrity of the marketplace.

70.     Despite DSS's repeated communications and requests for assistance, the response from Palmstreet's executives, including Chen Li, Jeffrey Liew, and Danielle Ciccoli, was minimal and ultimately ineffective. DSS received assurances that the matter would be looked into, but no concrete actions were taken to address the issues which directly impacted DSS financially.

71.     The interference with the plaintiffs' business relationships was not justified by legitimate business competition but was instead part of a concerted effort to harm the plaintiffs' businesses. Defendants Ciccoli, Palacioz, Banegas, and Song, operating under the guidance of Palmstreet, used the misappropriated business strategies to solicit the plaintiffs' customers aggressively, offering unsustainable prices and making false claims about the quality of their products. This conduct goes beyond ordinary competition and constitutes tortious interference, as the defendants' primary motive was to damage the plaintiffs' business relationships rather than to engage in fair market practices.

72.     Palmstreet's executives failed to enforce the platform's community guidelines, allowing a China wholesaler seller with a factory in China that supplied The Crystal Tabby and its straw sellers to continue their operations unchecked. This inaction by Palmstreet's management

directly contributed to the ongoing decline in DSS's sales and revenue throughout 2024. See Exhibit "A".

73.     In response to the declining sales, DSS attempted to adapt by adjusting its pricing strategy and launching new marketing campaigns to retain and attract customers. Despite these efforts, DSS was largely unsuccessful in countering the impact of the straw wholesale straw sellers, who continued to dominate the platform with their lower prices and misleading product claims.

74.     The ongoing presence and activities of these straw wholesale straw sellers on the Palmstreet platform, coupled with the platform's failure to enforce its guidelines, made it impossible for DSS to recover its lost revenue, deepening the financial impact on the business.

75.     In mid-2024, DSS made one final attempt to resolve the issues through direct communication with Palmstreet's executives, emphasizing the severe financial losses it was facing due to the platform's mismanagement and lack of enforcement.

76.     The unauthorized use of DSS's business strategies and intellectual property by these sellers, facilitated by Danielle Ciccoli and Palmstreet, led to a significant loss of DSS's market share on the platform. DSS's carefully curated brand and competitive advantage were eroded as its proprietary methods were co-opted by competitors who had access to the same insights and tools, without having invested the time and resources DSS had.

77.     As a direct result of this misappropriation, DSS experienced a substantial decline in sales, with revenue dropping to **$29,950.64** by August 9, 2024. The financial losses sustained by DSS were directly attributable to the misuse of its confidential business information, which enabled competitors to undercut its pricing, replicate its marketing strategies, and attract its customer base. See Exhibit "J".

78.     DSS had provided its business strategies and intellectual property to Palmstreet in good faith, under the expectation that the information would be used to support its growth and success on the platform. However, Palmstreet, through Danielle Ciccoli and other executives, breached this trust by sharing DSS's proprietary information with its competitors.

79.     This breach of fiduciary duty and misuse of confidential information not only violated DSS's rights but also resulted in significant financial harm and damage to its reputation. DSS's ability to operate successfully on the Palmstreet platform was severely compromised, leading to the deterioration of its business throughout 2024.

80.     Despite DSS's best efforts to seek resolution through dialogue with Chen Li, Jeffrey Liew, and Danielle Ciccoli, no meaningful action was taken by Palmstreet As a result, DSS suffered a significant decline in revenue, totaling **$29,950.64** in losses for the year 2024, directly attributable to the actions and inactions of Palmstreet's management.

81.     By August 9, 2024, DSS's total revenue, after accounting for selling fees and other expenses, had fallen to **$29,950.64**. This decline represents a significant reduction from its earlier performance in the first quarter of the year.

82.     The decline in revenue was directly caused by the actions of the wholesale straw sellers and the failure of Palmstreet to protect legitimate sellers like DSS from such harmful practices. The estimated total revenue loss attributable to these factors was **$29,950.64** for the year 2024, reflecting a severe financial impact on the business.

83.     As a direct result of these actions, DSS experienced **$29,950.64** in actual damages (lost revenue) between early 2024 and mid-2024.[7]

---

[7] Take the last known revenue figure from August 9, 2024, which is $29,950.64. Apply the 0.66% growth rate for the remaining months of the year (approximately 4.63 months).

84.     Due to the willful and intentional nature of Defendants' conduct, DSS seeks treble damages amounting to **$89,851.92** under applicable law.

**c.  Introduction of Competing Sellers and Unfair Practices.**

85.     In April 2024, Palmstreet abruptly onboarded several new crystal sellers, including Defendants the Healing Gem, Crystal Vibrations and others, without providing prior notice to Plaintiffs that this influx of new sellers were straw wholesalers who were able to sell at significantly lower prices, undercutting Plaintiffs' carefully established pricing structures.

86.     Defendant Danielle Ciccoli, who had a pre-existing relationship with The Healing Gem, Crystal Vibrations and others who were part of a group who considered themselves as a "coven", facilitated the onboarding of these straw sellers. Danielle deliberately extracted sensitive business information from Apartment Botanist and Divine Serenity under the guise of collaboration, including pricing strategies and sourcing methods, which she then shared with the new sellers to give them a competitive edge.

87.     The onboarding of these straw sellers resulted in a flood of wholesale products being sold at drastically reduced wholesale type prices, misleading customers and damaging the reputation of the Apartment Botanist, Divine Serenity and the crystal market on Palmstreet.

**d.  Defendant XIAOHONG HOLLY SONG d/b/a THE CRYSTAL TABBY.**

88.     Xiaohong Holly Song owns a China based crystal wholesale company called Donghai Himalaya Crystal that provides her with crystals and related merchandise under her d/b/a The Crystal Tabby which according to records, use to be Jewel Tunnel Imports, and is a defunct corporation as of 2019. See Exhibit "L" attached hereto.

89.     Operating the Crystal Tabby as a wholesale seller, Defendant Xiaohong Holly Song, together with its manager Rachael Pitler Hsihung, sells crystals imported through China,

through various straw entities, including but not limited to Defendant Breanna Palacioz d/b/a Crystal Vibration and Defendant Kathy Banegas d/b/a The Healing Gem. See Exhibit "E".

90.     Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, through its straw sellers Kathy Banegas d/b/a The Healing Gem and Breanna Palacioz d/b/a Crystal Vibration and other "coven" members, have been engaging in the sale of crystals through the Palmstreet platform, with full knowledge and support from Palmstreet's management, including Danielle Ciccoli. See Exhibits "F", "I" and "K".

91.     Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, knowingly used these straw entities Kathy Banegas d/b/a The Healing Gem and Breanna Palacioz d/b/a Crystal Vibration and other "coven" members, to engage in deceptive trade practices, allowing these sellers to sell wholesale crystals and merchandise directly to consumers without reseller tax certificates that would allow them to purchase directly from a wholesale seller, on the Palmstreet platform.

92.     Instead, Defendant Xiaohong Holly Song d/b/a The Crystal Tabby and its manager Rachael Pitler Hsihung, through its straw sellers Kathy Banegas d/b/a The Healing Gem and Breanna Palacioz d/b/a Crystal Vibration and others, sold crystals and other merchandise owned by Defendant Xiaohong Holly Song d/b/a The Crystal Tabby as if the crystals and products of these straw sellers, thereby undercutting legitimate sellers like Plaintiffs Divine Serenity Shop, Inc. and Made with Laser, LLC d/b/a Apartment Botanist.

93.     The Crystal Tabby, under the direction of Xiaohong Holly Song and her manager Rachael Pitler Hsihung, facilitated the sale of crystals at wholesale prices directly to consumers on the Palmstreet platform, despite being aware that this would unfairly compete with the Plaintiffs

and violate community guidelines, to the financial detriment of Divine Serenity Shop and Apartment Botanist.

94.    Xiaohong Holly Song and her manager Rachael Pitler Hsihung, used Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem and others to conceal her involvement in these deceptive practices, leveraging their unincorporated statuses to avoid legal accountability.

95.    The Crystal Tabby and its affiliates, including Crystal Vibration, The Healing Gem, and others actively disparaged the Plaintiffs' products, claiming they were overpriced and of inferior quality, directly causing harm to Plaintiffs' businesses.

96.    Xiaohong Holly Song together with her manager Rachael Pitler Hsihung, and her associated entities, operated with the full knowledge that their actions would harm the Plaintiffs, relying on the failure of Palmstreet to enforce its guidelines and protect legitimate sellers.

97.    Xiaohong Holly Song and her manager Rachael Pitler Hsihung, in concert with Danielle Ciccoli and other Palmstreet representatives, engaged in a scheme to dominate the crystal market on the Palmstreet platform by pushing out legitimate sellers like the Plaintiffs through unfair competition and deceptive practices.

**e.    Defendant Breanna Palacioz d/b/a Crystal Vibration.**

98.    Breanna Palacioz, operating under the name Crystal Vibration, is involved in the sale of crystals on the Palmstreet platform.

99.    Crystal Vibration has been selling crystals obtained from Xiaohong Holly Song d/b/a The Crystal Tabby at wholesale prices directly to consumers on the Palmstreet platform, in violation of the platform's guidelines and to the detriment of the Plaintiffs.

100.  Breanna Palacioz knowingly participated in the deceptive practices orchestrated by Xiaohong Holly Song, using her d/b/a status to avoid legal and regulatory scrutiny.

101.  Crystal Vibration actively disparaged the Plaintiffs' products on the Palmstreet platform, spreading false claims about the over pricing of the Plaintiffs' crystals and their similar quality to wholesale priced crystals and products sold by her and others, to drive consumers away from the Plaintiffs and toward Crystal Vibration and its affiliates.

102.  Breanna Palacioz knew or should have known that her actions, in conjunction with Xiaohong Holly Song, Danielle Ciccoli and others, were designed to harm the Plaintiffs' businesses and unfairly compete with them on the Palmstreet platform.

**f.  Defendant Danielle Ciccoli and the harm to Plaintiff Apartment Botanist.**

103.  Danielle Ciccoli, in her capacity as Crystal Director for Palmstreet was privy to Apartment Botanist's proprietary business strategies and confidential information. Apartment Botanist had shared detailed insights into its marketing strategies, customer demographics, product sourcing, and pricing models with Danielle under the expectation that this information would be used to support Apartment Botanist's growth on the platform.

104.  Instead of using this information to aid Apartment Botanist, Danielle Ciccoli misused it by sharing these proprietary strategies with wholesale straw sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby. These sellers then replicated Apartment Botanist's strategies and undercut its prices, severely damaging Apartment Botanist's competitive position.

105.  Danielle Ciccoli played a central role in onboarding and promoting wholesale straw sellers on the Palmstreet platform, fully aware that these sellers were not complying with platform

guidelines and lacked the necessary business registrations. By allowing these sellers to operate and thrive, Ciccoli facilitated an environment of unfair competition that directly harmed Apartment Botanist.

106.     These straw sellers, armed with the confidential business information provided by Defendant Danielle Ciccoli, began selling similar products at significantly lower prices. As a result, Apartment Botanist lost a substantial portion of its customer base, as customers flocked to these lower-priced alternatives. This unfair competition led to a sharp decline in Apartment Botanist's revenue, which dropped to **$257,184.27** by August 3, 2024.

107.     Despite being responsible for overseeing the crystal seller category on Palmstreet, Defendant Danielle Ciccoli deliberately failed to enforce the platform's community guidelines that were designed to protect legitimate sellers like Apartment Botanist. Her inaction allowed straw sellers to continue their harmful practices unchecked, exacerbating the financial damage to Apartment Botanist.

108.     Apartment Botanist repeatedly reported violations and raised concerns with Danielle Ciccoli, but these reports were ignored or dismissed. This lack of enforcement created an uneven playing field, where Apartment Botanist was forced to compete against sellers who were not held to the same standards, resulting in significant financial harm.

**g. Defendant Danielle Ciccoli and the harm to Plaintiff Divine Serenity Shop.**

109.     Divine Serenity Shop also shared its proprietary business strategies and confidential information with Defendant Danielle Ciccoli, expecting that this information would be used to enhance its success on the Palmstreet platform. However, Defendant Danielle Ciccoli misappropriated this information by sharing it with straw sellers who she knew directly competed with DSS.

110.	The straw sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and XIAOHONG HOLLY SONG d/b/a THE CRYSTAL TABBY, used DSS's strategies to source similar products at lower costs and undercut DSS's prices. This misappropriation eroded DSS's market share and led to a significant decline in sales, with revenue falling to **$29,950.64** by August 9, 2024.

111.	Danielle Ciccoli not only allowed the straw sellers to compete unfairly but also facilitated the dissemination of false and disparaging statements about DSS, their pricing and products. These sellers, empowered by Defendant Danielle Ciccoli's support, spread misleading information claiming that DSS's products were severely overpriced and of similar quality to their wholesale products.

112.	These false statements damaged DSS's reputation among its customers, leading to a loss of consumer trust and loyalty. As a result, many of DSS's regular customers shifted their purchases to the straw sellers, further contributing to the decline in DSS's revenue and market presence.

113.	Despite being fully aware of the harm being caused to DSS by the actions of the Defendant Danielle Ciccoli deliberately chose not to intervene. Her neglect of her duties and responsibilities as Crystal Director allowed the sellers to continue their harmful practices without any consequences.

114.	DSS's repeated attempts to seek help from Defendant Danielle Ciccoli were met with indifference, leaving DSS vulnerable to the ongoing unfair competition and defamatory attacks. This deliberate inaction by Ciccoli directly contributed to the financial losses and reputational damage suffered by DSS.

**h. Palmstreet's Direct Liability for Danielle Ciccoli's Actions.**

115.    As an employee and Crystal Director of Palmstreet, Danielle Ciccoli acted within the scope of her employment when she engaged in the harmful actions described above. Under the doctrine of vicarious liability, Palmstreet is directly liable for the actions of its employees performed within the scope of their employment.

116.    Defendant Danielle Ciccoli's actions, including the misuse of confidential information, facilitation of unfair competition, and failure to enforce platform guidelines, were all conducted as part of her official duties at Palmstreet. As such, Palmstreet is directly responsible for the harm caused to Apartment Botanist and Divine Serenity Shop by Ciccoli's conduct.

117.    Defendant Palmstreet had a duty to supervise its employees, including Danielle Ciccoli, and to ensure that its policies and guidelines were enforced fairly and consistently. The failure of Palmstreet's management to properly oversee Defendant Ciccoli and prevent the misuse of confidential information and the facilitation of unfair competition constitutes direct negligence on the part of the company.

118.    Palmstreet's failure to take corrective action or to address the concerns raised by Apartment Botanist and Divine Serenity Shop further establishes the company's direct liability for the financial and reputational harm suffered by these businesses.

119.    Palmstreet, through its executives, including Chen Li and Jeffrey Liew, was aware of Danielle Ciccoli's actions and the harm they were causing to Apartment Botanist and Divine Serenity Shop. Despite this knowledge, Palmstreet chose to support Danielle's conduct, allowing straw sellers to continue their practices without intervention.

120.    By failing to stop Defendant Danielle Ciccoli and by implicitly endorsing her actions, Defendant Palmstreet became complicit in the harm caused to Apartment Botanist and

Divine Serenity Shop. This complicity further cements Palmstreet's direct liability for the damages suffered by the Plaintiffs.

   **i.   Defendants' Coordinated Actions and the Impact on Plaintiffs.**

   121.   The actions of Defendant Danielle Ciccoli, in coordination with Defendants the Healing Gem, Crystal Vibrations, and The Crystal Tabby, were deliberate and calculated to undermine Plaintiffs' businesses. By onboarding these entities and facilitating their unfair competitive practices, Danielle and the other Defendants conspired to shift business away from Plaintiffs and towards themselves.

   122.   The materially false and misleading statements by Defendants the Healing Gem, Crystal Vibrations, and The Crystal Tabby about Apartment Botanist and Divine Serenity damaged the trust that Plaintiffs had built with their customers. Many of Apartment Botanist and Divine Serenity Shop's customers expressed disappointment and dissatisfaction with the pricing of their products versus the pricing they were receiving from these straw sellers for similar products, leading to a loss of customer loyalty and a significant reduction in repeat business.

   123.   Palmstreet, by permitting these actions to occur and failing to enforce its own community guidelines, breached its contractual obligations to Plaintiffs and facilitated the destruction of the exclusive, high-end marketplace it had promised to create.

   124.   The impact of these actions was severe and immediate. Divine Serenity Shop saw its revenues drop significantly as customers who had once been loyal to DSS's ethically sourced, high-quality crystals were lured away by the lower prices and aggressive marketing tactics of the new straw sellers onboarded by Palmstreet. Despite DSS's attempts to communicate these concerns to Palmstreet's management, her complaints were largely ignored or dismissed.

125.    Similarly, Made with Laser, LLC d/b/a Apartment Botanist, faced substantial financial harm. Apartment Botanist had invested heavily in inventory to meet the demand she had cultivated on Palmstreet, only to find her customer base eroded by the influx of products sold at unsustainable prices. The sharp decline in sales forced Apartment Botanist to liquidate inventory at a loss and scale back her business operations significantly.

126.    In addition to the financial losses, both Plaintiffs experienced significant reputational damage. The introduction of inferior products by Defendants, coupled with the deceptive marketing practices employed by these new straw sellers, created confusion and mistrust among customers. Many customers, unable to distinguish between the quality products offered by Plaintiffs and the goods sold by Defendants, began to question the integrity of the entire crystal-selling community on Palmstreet.

127.    Xiaohong Holly Song together with her manager Rachael Pitler Hsihung, Breanna Palacioz, Kathy Banegas and others operated in concert with Palmstreet, Danielle Ciccoli, to engage in a coordinated scheme of unfair competition, defamation, and deceptive trade practices, all of which were intended to drive the Plaintiffs out of business.

128.    The coordinated actions of The Crystal Tabby, Crystal Vibration, and The Healing Gem under the direction of Xiaohong Holly Song and her manager Rachael Pitler Hsihung, resulted in significant financial losses for the Plaintiffs, who were unable to compete with the unfair and deceptive business practices employed by these defendants.

129.    Despite repeated efforts by DSS and Apartment Botanist to address these issues with Palmstreet, including direct communications with Chen Li and other members of Palmstreet's management, the platform took no meaningful action to rectify the situation. Instead, Palmstreet continued to support and promote the new sellers at the expense of its original, loyal sellers.

# V. CAUSES OF ACTION

## COUNT I
## BREACH OF IMPLIED CONTRACT
(Plaintiffs Apartment Botanist and Divine Serenity Shop against Defendant Palmstreet)

130.    Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

131.    Defendant Palmstreet operates an online platform through which Apartment Botanist, DSS, and other seller's market and sell their products. Over the course of their business relationship, Apartment Botanist and DSS engaged in transactions and communications with Palmstreet that established an implied contract.

132.    The implied contract between Apartment Botanist, DSS, and Palmstreet arose from a series of interactions, communications, and industry practices that established a mutual understanding and expectation. Palmstreet, through its representatives, repeatedly assured the plaintiffs that their proprietary business strategies, customer information, and confidential marketing plans would be safeguarded and utilized solely to support their success on the Palmstreet platform. Over time, this relationship fostered a reasonable reliance by the plaintiffs that Palmstreet would act in good faith to protect their interests, ensure a fair competitive environment, and maintain the integrity of their business operations on the platform. These assurances and the ongoing nature of the relationship created an implied obligation on the part of Palmstreet to uphold these expectations

133.    Palmstreet breached this implied contract by failing to adhere to the understood obligations, including:

> i.   Allowing wholesale straw sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, and her manager Rachael Pitler Hsihung, to operate on the platform without proper

registration, certifications, or adherence to platform rules, thus allowing them to unfairly compete with Apartment Botanist and DSS.

ii. Misusing confidential business strategies and proprietary information provided by Apartment Botanist and DSS, by sharing it with sellers who then replicated and undercut the operations of Apartment Botanist and DSS.

iii. Failing to provide a fair competitive environment and failing to support the growth of Apartment Botanist and DSS as implied in their ongoing business relationship.

134.   As a direct and proximate result of Palmstreet's breaches of the implied contract, Apartment Botanist and DSS have suffered substantial financial harm, including but not limited to:

i. **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the unfair competition and misuse of its confidential information. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

ii. **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to Palmstreet's breach, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

iii. **Divine Serenity's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the unfair competition and misuse of its confidential information. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

iv. **Projected Losses for Divine Serenity:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to Palmstreet's breach, DSS suffered a substantial revenue shortfall and financial harm.

135.   In addition to actual damages, Apartment Botanist and DSS seek the following monetary relief:

i. **Restitution:** Restitution to compensate for the unjust enrichment received by Palmstreet and the wholesale straw sellers at the expense of Apartment Botanist and DSS:

   i.  **Apartment Botanist:** Restitution in the amount of **$721,251.03**.
   ii.  **DSS:** Restitution in the amount of **$29,950.64**.

136.  **Punitive Damages:** While punitive damages are typically not available in contract claims, Apartment Botanist and DSS assert that, to the extent that Palmstreet's conduct constitutes a tortious act, punitive damages should be considered in amounts to be determined at trial to deter similar conduct in the future.

   **WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendant Palmstreet, awarding the following relief:

   i. Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

   ii. Restitution in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for unjust enrichment.

   iii. Punitive damages in amounts to be determined at trial (if applicable).

   iv. Any other relief the Court deems just and proper.

**COUNT II**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
(Plaintiffs Apartment Botanist and Divine Serenity against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

137.  Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

138.  This cause of action arises from the intentional and unjustified interference by Defendants Palmstreet**,** Danielle Ciccoli**,** Breanna Palacioz d/b/a Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal Tabby together with her

manager Rachael Pitler Hsihung, with the existing and prospective business relationships of Plaintiffs Apartment Botanist and DSS.

## A. Existing Business Relationships.

139.    Apartment Botanist and DSS had established and ongoing business relationships with their respective customer bases, who regularly purchased their products on the Palmstreet platform. These relationships were critical to the continued success and profitability of both businesses.

140.    Apartment Botanist and DSS had also established relationships with suppliers, business partners, and other entities essential to their operations and ability to fulfill customer orders.

## B. Defendants' Knowledge of Business Relationships.

141.    Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz, Kathy Banegas, and Xiaohong Holly Song and her manager Rachael Pitler Hsihung, were fully aware of the existing and prospective business relationships that Apartment Botanist and DSS had cultivated on the Palmstreet platform.

142.    Palmstreet, through its executives and representatives, including Danielle Ciccoli, had direct access to Apartment Botanist's and DSS's customer data, sales information, and business strategies, which were shared with Palmstreet as part of their business relationship.

## C. Defendants' Intentional Interference.

143.    Palmstreet and Danielle   Ciccoli intentionally    interfered   with   the   business relationships of Apartment Botanist and DSS by:

      i.    Allowing  wholesale  straw  sellers,  including Breanna  Palacioz  d/b/a
             Crystal    Vibration, Kathy    Banegas    d/b/a    The    Healing    Gem,

and Xiaohong Holly Song d/b/a The Crystal Tabby and her manager Rachael Pitler Hsihung, to operate on the Palmstreet platform in direct competition with Apartment Botanist and DSS, without proper registration or adherence to platform guidelines.

ii. Providing these wholesale straw sellers with confidential business strategies and proprietary information obtained from Apartment Botanist and DSS, allowing them to replicate and undercut the plaintiffs' operations.

iii. Encouraging and facilitating the sale of similar products at significantly lower prices by the wholesale straw sellers, effectively luring away customers from Apartment Botanist and DSS.

144. Breanna Palacioz, Kathy Banegas, and Xiaohong Holly Song and her manager Rachael Pitler Hsihung, further interfered with the business relationships of Apartment Botanist and DSS by:

i. Using the confidential information provided by Palmstreet and Danielle Ciccoli to replicate the business models of Apartment Botanist and DSS and offer competing products at lower prices.

ii. Disparaging the products of Apartment Botanist and DSS, falsely claiming that their products were overpriced and/or of inferior quality, thereby misleading customers and driving them away from the plaintiffs.

iii. Actively soliciting the customers of Apartment Botanist and DSS through targeted marketing and promotions, using the business strategies that had been misappropriated from the plaintiffs.

**D.  Lack of Justification.**

145.    The actions of the defendants were not justified by any legitimate business purpose. Instead, the defendants engaged in these activities with the intent to harm the plaintiffs' business relationships, to unfairly compete, and to benefit from the plaintiffs' established reputation and customer base.

146.    The defendants' interference was motivated by a desire to divert business from Apartment Botanist and DSS to the wholesale straw sellers, and to undermine the plaintiffs' ability to compete effectively on the Palmstreet platform.

147.    The defendants' actions were not merely competitive, but intentionally aimed at disrupting the established and prospective business relationships of Apartment Botanist and DSS. Internal communications between the defendants, which will be produced in discovery, reveal a deliberate strategy to poach the plaintiffs' customers and tarnish their reputations. The defendants were fully aware that their actions would result in significant financial harm to the plaintiffs, as evidenced by the sharp decline in revenue immediately following the implementation of the defendants' tactics. The timing and nature of this interference, coupled with the defendants' knowledge of the plaintiffs' business operations, demonstrate a clear intent to cause harm, rather than engage in legitimate business competition.

**E.  Financial Damages Suffered by Plaintiff.**

148.    As a direct and proximate result of the defendants' tortious interference, Apartment Botanist and DSS suffered substantial financial harm, including:

    i.  **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the unfair competition and interference by the defendants. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

a. **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the defendants' interference, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

ii. **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the defendants' interference. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

b. **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the defendants' interference, DSS suffered a substantial revenue shortfall and financial harm.

**F. Punitive Damages.**

149.     The defendants' actions were willful, malicious, and in reckless disregard of the rights of Apartment Botanist and DSS. As such, Apartment Botanist and DSS are entitled to punitive damages in an amount to be determined at trial, to punish the defendants and deter similar conduct in the future.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

i. Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

ii. Punitive damages in amounts to be determined at trial, to deter similar conduct in the future.

iii. Any other relief the Court deems just and proper.

**COUNT III**
**DEFAMATION**

(Plaintiffs Apartment Botanist and Divine Serenity against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

150.     Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

151.     This cause of action arises from the false and defamatory statements made by Defendants Palmstreet**,** Danielle Ciccoli**,** Breanna Palacioz d/b/a Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal Tabby about the Plaintiffs' products and businesses.

**A. Defendants' False and Defamatory Statements.**

152.     Defendants Breanna Palacioz**,** Kathy Banegas, and Xiaohong Holly Song with her manager Rachael Pitler Hsihung, acting in concert and with the support of Palmstreet and Danielle Ciccoli, made and disseminated false and defamatory statements regarding the quality, pricing, and authenticity of the products sold by Apartment Botanist and DSS on the Palmstreet platform.

153.     These false statements included, but were not limited to, claims that:

    i.    The products sold by Apartment Botanist and DSS were overpriced compared to similar products offered by other sellers on the platform.

    ii.    The products sold by Apartment Botanist and DSS were of the same or lesser quality and lacked the authenticity or value claimed by the plaintiffs.

    iii.    Apartment Botanist and DSS engaged in deceptive practices by misrepresenting the origins, quality, and pricing of their products.

154.     These statements were published and disseminated to third parties, including current and potential customers of Apartment Botanist and DSS, through the Palmstreet platform, social media, and other channels used by the defendants to promote their competing businesses.

37

**B. Falsity of the Statements.**

155.   The statements made by the defendants were false and misleading. Apartment Botanist and DSS have consistently provided high-quality, authentic products to their customers, and their pricing reflects the value and quality of the goods they sell.

156.   The defendants' statements were made without factual basis and with the intent to harm the reputation of Apartment Botanist and DSS in the marketplace.

**C. Publication and Harm to Reputation.**

157.   The false statements made by the defendants were widely disseminated to the public, including to the existing and potential customers of Apartment Botanist and DSS.

158.   As a direct result of the defendants' defamatory statements, the reputation of Apartment Botanist and DSS was severely damaged. Customers who were previously loyal to the plaintiffs were misled by these statements and chose to take their business elsewhere, leading to a significant decline in sales and revenue.

**D. Fault and Malice.**

159.   The defendants made these defamatory statements with actual malice, knowing that the statements were false or with reckless disregard for their truth or falsity. The defendants intended to cause harm to Apartment Botanist and DSS by undermining their reputation and diverting customers to their own businesses.

160.   Defendants Palmstreet and Danielle Ciccoli facilitated and encouraged the publication of these false statements by allowing and supporting the wholesale straw sellers in their campaign to disparage the plaintiffs' businesses, despite knowing that the statements were false.

161.    The false and defamatory statements made by the defendants were not isolated incidents, but part of a broader campaign to discredit the plaintiffs in the eyes of their customers. These statements were disseminated across multiple platforms, including social media and the Palmstreet platform, with the specific intent to mislead consumers and divert business away from the plaintiffs. The defendants' statements were presented as factual assertions, rather than opinions, with the knowledge that such statements would be interpreted by consumers as reflecting poorly on the plaintiffs' products and business practices. The plaintiffs will present evidence of customer testimonials and communications that explicitly reference these defamatory statements as the reason for their decision to cease purchasing from the plaintiffs.

**E.  Financial Damages Suffered by Plaintiffs.**

162.    As a direct and proximate result of the defendants' defamatory statements, Apartment Botanist and DSS suffered substantial financial harm, including:

i.  **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the harm to its reputation caused by the defendants' defamatory statements. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

  a.  **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the defamatory statements, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

ii.  **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the harm to its reputation caused by the defendants' defamatory statements. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

  b.  **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the defamatory statements, DSS suffered a substantial revenue shortfall and financial harm.

### F. Punitive Damages.

163.    The defendants' defamatory statements were made with willful intent to harm the plaintiffs, and with actual malice. As such, Apartment Botanist and DSS are entitled to punitive damages in an amount to be determined at trial, to punish the defendants and deter similar conduct in the future.

**WHEREFORE,** Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

    i.  **Actual Damages:** An award of actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS, representing the loss of revenue and financial harm directly resulting from the defendants' defamatory statements.

    ii.  **Punitive Damages:** An award of punitive damages in an amount to be determined at trial, sufficient to punish the defendants for their willful and malicious conduct and to deter them, and others, from engaging in similar wrongful actions in the future.

    iii.  **Injunctive Relief:** A permanent injunction preventing the defendants from continuing to make false and defamatory statements about the plaintiffs and their products and requiring the removal of any existing false statements from the Palmstreet platform and any other platforms where such statements have been published.

iv. **Corrective Advertising:** An order requiring the defendants to engage in corrective advertising at their own expense, to rectify the harm caused to the plaintiffs' reputations, including a public retraction of the false statements and an acknowledgment of the quality and authenticity of the plaintiffs' products.

v. **Attorney's Fees and Costs:** An award of reasonable attorney's fees and costs incurred in bringing this action, to the extent that such relief is available under applicable law and as deemed appropriate by the Court.

vi. **Pre-Judgment and Post-Judgment Interest:** An award of pre-judgment and post-judgment interest at the maximum legal rate on all sums awarded, from the date of the harm to the date of final payment, to fully compensate the plaintiffs for the loss of use of these funds.

vii. **Any Other Relief:** Any other relief the Court deems just, equitable, and proper under the circumstances of this case.

**COUNT IV**
**CIVIL CONSPIRACY**
(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

164. Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

165. This cause of action arises from the coordinated and unlawful agreement between Defendants Palmstreet**,** Danielle Ciccoli**,** Breanna Palacioz d/b/a Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal Tabby together with her manager Rachael Pitler Hsihung, to engage in a scheme intended to harm Apartment

Botanist and DSS by interfering with their business relationships, defaming their products and businesses, and unlawfully competing in the marketplace.

**A. Existence of the Conspiracy.**

166.     The defendants conspired to engage in a series of coordinated, unlawful acts beginning in early 2024 with the specific intent to undermine and eliminate Apartment Botanist and DSS as competitors. This conspiracy was evidenced by a pattern of communications and actions that were strategically timed and executed to maximize harm to the plaintiffs. The defendants' activities went beyond mere competitive business strategies; they involved the intentional misappropriation of proprietary information, the dissemination of defamatory statements, and the deliberate undercutting of prices to create an unfair and untenable market environment for the plaintiffs. The plaintiffs will introduce evidence, including communications among the defendants and market analyses, to show how these coordinated actions resulted in the plaintiffs' financial losses and damaged business relationships.

167.     In furtherance of this conspiracy, the defendants executed a series of coordinated actions, including the simultaneous launch of defamatory marketing campaigns and the synchronized undercutting of the plaintiffs' prices. These actions were not isolated incidents but were part of a broader strategy to eliminate the plaintiffs as competitors. The plaintiffs will present evidence, including market analysis and witness testimony, that illustrates how the defendants' actions were deliberately timed and aligned to maximize harm to the plaintiffs.

168.     The financial losses suffered by Apartment Botanist and DSS were the direct result of the defendants' coordinated conspiracy. This is evidenced by the abrupt and significant decline in the plaintiffs' revenue following the defendants' actions. The plaintiffs will rely on expert

analysis to quantify the impact of the conspiracy on their businesses, demonstrating that these losses were not coincidental but were the intended outcome of the defendants' unlawful conduct.

169. The object of this conspiracy was to unlawfully damage the business operations and reputations of Apartment Botanist and DSS by:

    i. Allowing improperly vetted sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby together with her manager Rachael Pitler Hsihung, to operate on the Palmstreet platform in violation of the platform's rules and community guidelines.

    ii. Misappropriating and sharing confidential business strategies and proprietary information from Apartment Botanist and DSS with these wholesale straw sellers, enabling them to replicate and undercut the plaintiffs' businesses.

    iii. Disseminating false and defamatory statements regarding the quality, authenticity, and pricing of the products sold by Apartment Botanist and DSS to divert customers and harm their reputations.

    iv. Intentionally interfering with the business relationships of Apartment Botanist and DSS by targeting their existing customer bases with misleading and defamatory marketing tactics.

**B. Unlawful Acts in Furtherance of the Conspiracy.**

170. In furtherance of this conspiracy, the defendants engaged in specific unlawful acts that directly targeted the plaintiffs' businesses. These acts were not isolated or incidental but were

part of a deliberate and coordinated strategy to inflict maximum harm on the plaintiffs. The following overt acts were committed by the defendants as part of their conspiracy:

i. **Facilitation of Unlawful Business Practices**: Palmstreet and Danielle Ciccoli knowingly allowed improperly vetted and unregistered sellers, including Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, to operate on the Palmstreet platform. These sellers were granted preferential treatment and permitted to violate platform guidelines, including selling wholesale products directly to consumers without the necessary tax certificates or business registrations. This created an uneven playing field that severely disadvantaged the plaintiffs.

ii. **Misappropriation and Dissemination of Confidential Information**: Danielle Ciccoli, acting on behalf of Palmstreet, misused her access to the plaintiffs' proprietary business strategies, customer data, and marketing plans. This confidential information was shared with the co-conspirators, who then used it to replicate the plaintiffs' business models and undercut their prices. The plaintiffs will present documentary evidence showing the flow of this information from Ciccoli to the other defendants, demonstrating how it was used to unfairly compete against the plaintiffs.

iii. **Coordinated Defamation Campaign**: The defendants engaged in a coordinated effort to defame the plaintiffs by spreading false and misleading statements about the quality and pricing of the plaintiffs' products. These statements were disseminated across multiple platforms, including social

media and the Palmstreet platform, and were designed to mislead consumers into believing that the plaintiffs' products were overpriced and of inferior quality. The plaintiffs will present evidence, including customer testimonials and communications, to show how these defamatory statements directly led to a loss of business and reputation.

**C. Damages Resulting from the Conspiracy.**

171. The conspiracy orchestrated by the defendants had devastating financial and reputational consequences for Apartment Botanist and DSS. The plaintiffs experienced a significant and immediate decline in revenue, which can be directly linked to the unlawful actions of the defendants. The coordinated nature of the conspiracy exacerbated the harm, as the plaintiffs were unable to compete against the combined efforts of multiple parties working in concert to undermine their businesses. The specific damages resulting from this conspiracy include:

i.   **Loss of Revenue**: Both Apartment Botanist and DSS experienced a sharp and unprecedented decline in revenue, beginning shortly after the defendants' unlawful activities commenced. **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the unlawful acts committed by the defendants in furtherance of the conspiracy. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

    a.   **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the conspiracy, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

ii.  **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the unlawful acts committed by the defendants in furtherance of the conspiracy. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

    b.   **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the conspiracy, DSS suffered a substantial revenue shortfall and financial harm.

iii. **Market Share Erosion**: The conspiracy led to a significant erosion of the plaintiffs' market share on the Palmstreet platform. The introduction of underpriced, low-quality products by the defendants misled consumers and drove them away from the plaintiffs' higher-quality offerings. As a result, the plaintiffs lost not only current sales but also long-term customer loyalty and market position, further compounding the financial damage.

iv. **Reputational Harm**: The defamatory statements made by the defendants caused severe damage to the plaintiffs' reputations. Customers who were previously loyal to the plaintiffs' brands began to question the quality and value of their products, leading to a loss of trust and customer base. The plaintiffs will present evidence of specific instances where customers cited the defendants' false statements as the reason for discontinuing their business with the plaintiffs.

**D. Punitive Damages.**

172.     The defendants' actions were not only willful and malicious but also calculated to inflict maximum harm on the plaintiffs, demonstrating a blatant disregard for the plaintiffs' rights and the principles of fair competition. The plaintiffs contend that the defendants acted with actual malice, intending to destroy the plaintiffs' businesses for their own financial gain. Given the egregious nature of the defendants' conduct, which included the systematic use of unfair business practices, the intentional dissemination of false information, and the deliberate exploitation of confidential data, the plaintiffs seek punitive damages. These damages are necessary to punish the defendants for their wrongful actions and to serve as a deterrent to others who might consider engaging in similar unlawful conduct. The plaintiffs will argue that only a substantial punitive

damages award can adequately address the severe impact of the defendants' conspiracy and prevent future occurrences of such behavior in the marketplace.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

i. Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

ii. Punitive damages in amounts to be determined at trial, to punish the defendants for their malicious conduct and to deter similar conduct in the future.

iii. Any other relief the Court deems just and proper.

### COUNT V
### VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1125(A))
(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

173. Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

174. This cause of action arises from the Defendants' false advertising, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), which caused harm to the Plaintiffs' businesses, reputations, and goodwill.

**A. Defendants' False Advertising and Misrepresentations.**

175.     Defendants Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby together with her manager Rachael Pitler Hsihung, acting in concert with Palmstreet and Danielle Ciccoli, made false and misleading statements in commercial advertisements and promotions regarding the quality, origin, and pricing of the products sold by Apartment Botanist and DSS.

176.     These false and misleading statements included, but were not limited to:

i.   Claims that the products sold by Apartment Botanist and DSS were of overpriced and/or inferior quality and did not meet the standards claimed by the plaintiffs.

ii.  Statements that falsely represented the origin and authenticity of Apartment Botanist's and DSS's products, implying that they were not genuine or properly sourced.

iii. Assertions that the products sold by Crystal Vibration, The Healing Gem, and The Crystal Tabby were superior in quality and offered at more competitive prices, when in fact, these products were sourced and marketed using the proprietary strategies misappropriated from the plaintiffs.

177.     These false and misleading statements were made in a commercial context, intended to deceive customers and divert business away from Apartment Botanist and DSS to the defendants.

**B.  False Designation of Origin.**

178.     Defendants Breanna Palacioz, Kathy Banegas, and Xiaohong Holly Song, with the full knowledge, encouragement, and support of Palmstreet and Danielle Ciccoli, engaged in false

designation of origin by marketing and selling products that were deliberately designed to mimic the branding, presentation and marketing of Apartment Botanist and DSS. The defendants' actions were intended to create consumer confusion, leading customers to believe that the products they were purchasing from the defendants were similar to the quality of associated with or endorsed by the plaintiffs but a lower price. This false designation of origin constitutes a clear violation of Section 43(a) of the Lanham Act, as it intentionally misled consumers about the source, sponsorship, and affiliation of the defendants' products. The plaintiffs will provide evidence, including side-by-side comparisons of product presentation, marketing, and customer feedback, to demonstrate how the defendants' actions created a likelihood of confusion in the marketplace and caused substantial harm to the plaintiffs' businesses.

179.    To further mislead consumers, the defendants copied the plaintiffs' branding elements, including product descriptions, presentation, and promotional language. These actions were intended to create a false equivalence between the defendants' products and those of the plaintiffs, thereby diverting sales through deception. The plaintiffs will present evidence, including side-by-side comparisons of marketing and customer testimony, to demonstrate the extent of this misleading conduct.

180.    The defendants' promotion, marketing and product descriptions were designed to create confusion among consumers as to the source, origin, and sponsorship of the goods, leading consumers to believe that the defendants' products were of a similar or better quality at a much lower price than that affiliated with or endorsed by Apartment Botanist and DSS.

181.    This false designation of origin misled customers into purchasing products from the defendants under the mistaken belief that what they were purchasing from Apartment

Botanist or DSS was extremely overpriced, and that the defendants' products were of similar or superior quality at a much lower price.

### C. Unfair Competition.

182.   The defendants' conduct constituted unfair competition in violation of Section 43(a) of the Lanham Act by utilizing the plaintiffs' proprietary business strategies, marketing techniques, and confidential customer information to unlawfully promote and sell their own products. The defendants not only replicated the plaintiffs' business models but also deliberately undercut their pricing, all while disseminating false and defamatory statements designed to damage the plaintiffs' reputation and divert customers. This unfair competition was not the result of legitimate business rivalry but was the product of a calculated scheme to exploit the plaintiffs' hard-earned market position and goodwill for the defendants' own benefit. The plaintiffs will present detailed evidence of how the defendants' actions directly led to a loss of market share, customer confusion, and significant financial harm, all of which are actionable under the Lanham Act.

183.   The defendants' actions were intended to harm the plaintiffs' businesses, divert customers, and unlawfully capitalize on the goodwill and reputation that Apartment Botanist and DSS had established in the marketplace.

184.   The defendants' conduct was willful, intentional, and designed to cause confusion, mistake, and deception among consumers as to the source, origin, sponsorship, and quality of the products being offered for sale on the Palmstreet platform.

185.   The defendants' unfair competition not only harmed the plaintiffs' sales but also damaged their reputation in the marketplace. The plaintiffs have documented instances where customers expressed confusion and disappointment after purchasing the defendants' products,

mistakenly believing them to be associated with the plaintiffs. This consumer confusion has significantly eroded the plaintiffs' brand equity and market position.

**D. Consumer Confusion.**

186.    The defendants' actions led to widespread consumer confusion, as evidenced by customer complaints and feedback received by the plaintiffs. Customers frequently reported that they were misled by the defendants' representations, believing that they were purchasing products seminal or of greater quality at a much lower price than those products associated with or endorsed by Apartment Botanist and DSS. This confusion was exacerbated by the defendants' deliberate mimicry of the plaintiffs' branding elements, including product descriptions, presentation styles, pricing and promotion via Palmstreet lives. The plaintiffs will introduce side-by-side comparisons of product marketing during Palmstreet lives by DSS and Apartment Botanist and those of platform straw sellers, as well as customer testimony, to demonstrate the extent of this consumer confusion and the resulting harm to the plaintiffs' business reputation and market position.

**E. Market Impact.**

187.    The defendants' actions not only harmed the plaintiffs but also disrupted the broader market for crystals and related products on the Palmstreet platform. By flooding the market with lower-priced and quality products marketed under false pretenses, the defendants undermined consumer confidence in the value and authenticity of the plaintiffs' offerings. This market distortion led to a significant erosion of the plaintiffs' brand equity and market share, as customers, unable to distinguish between the quality products offered by the plaintiffs at their pricing and the dramatically lower pricing and quality of goods sold by the defendants, began to question the integrity of the entire product category on the platform. The plaintiffs will present expert testimony to quantify the financial and reputational impact of this market distortion.

**F. Damages Resulting from Lanham Act Violations.**

188.     The defendants' willful and deliberate violations of the Lanham Act resulted in substantial financial harm to Apartment Botanist and DSS, including significant losses in revenue, market share, and business reputation. The plaintiffs' total revenue during the relevant period fell as follows:

   i.   **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the false advertising, false designation of origin, and unfair competition by the defendants. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

      a.   **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the defendants' unlawful conduct, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

   ii.  **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the defendants' false advertising, false designation of origin, and unfair competition. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

      b.   **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the defendants' unlawful conduct, DSS suffered a substantial revenue shortfall and financial harm.

189.     This decline was directly attributable to the defendants' false representation, false advertising, false designation of origin, and unfair competition, which misled consumers and diverted sales away from the plaintiffs. The plaintiffs will provide financial records, customer testimonials, and expert analysis to quantify the full extent of the damages suffered as a result of the defendants' unlawful actions, including lost profits, diminished brand equity, and the long-term impact on the plaintiffs' competitive standing in the marketplace.

**G. Treble Damages.**

190.    The defendants' actions were willful and conducted with the intent to deceive consumers and harm the plaintiffs. Under the Lanham Act, Apartment Botanist and DSS are entitled to recover treble damages, amounting to three times the actual damages suffered, as follows:

> i.    **Apartment Botanist:** Treble damages in the amount of **$2,163,753.09**.
>
> ii.    **DSS:** Treble damages in the amount of **$89,851.92**.

**H.  Injunctive Relief.**

191.    Apartment Botanist and DSS seek a permanent injunction enjoining the defendants from continuing to engage in the false advertising, false designation of origin, and unfair competition that has caused and continues to cause harm to the plaintiffs.

**I.  Attorney's Fees and Costs.**

192.    Pursuant to 15 U.S.C. § 1117(a), Apartment Botanist and DSS are entitled to recover their reasonable attorney's fees and costs incurred in bringing this action, given the exceptional nature of the defendants' violations.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and XIAOHONG HOLLY SONG d/b/a THE CRYSTAL TABBY, awarding the following relief:

> i.    Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

ii. Treble damages in the amount of **$2,163,753.09** for Apartment Botanist and **$89,851.92** for DSS, in accordance with the Lanham Act.

iii. A permanent injunction preventing the defendants from engaging in false advertising, false designation of origin, and unfair competition.

iv. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a).

v. Any other relief the Court deems just and proper.

### COUNT VI
### BREACH OF FIDUCIARY DUTY
(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Defendant Palmstreet and Danielle Ciccoli)

193. Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

194. This cause of action arises from the breach of fiduciary duty by Defendants Palmstreet and Danielle Ciccoli in their roles as trusted business partners and advisors to Apartment Botanist and DSS. The Defendants were entrusted with confidential business information and had a fiduciary duty to act in the best interests of the Plaintiffs. Instead, they exploited this trust to benefit themselves and others, causing substantial harm to the Plaintiffs.

**A. Existence of Fiduciary Duty.**

195. Palmstreet and Danielle Ciccoli occupied a position of trust and confidence with respect to Apartment Botanist and DSS, stemming from their control over the plaintiffs' access to the Palmstreet platform and their advisory role in the plaintiffs' business operations. Palmstreet and Ciccoli provided detailed guidance and specific advice to the plaintiffs on marketing strategies, pricing models, and customer acquisition, creating a fiduciary relationship where the plaintiffs justifiably relied on the defendants to act in their best interests. This fiduciary duty was further

reinforced by explicit representations from Palmstreet and Ciccoli that the plaintiffs' confidential information would be protected and used solely for the purpose of enhancing their competitive standing on the platform. The breach of this fiduciary duty occurred when the defendants misappropriated the plaintiffs' proprietary information, using it to benefit competitors and undermine the plaintiffs' businesses.

**B. Breach of Fiduciary Duty.**

196. Palmstreet and Danielle Ciccoli breached their fiduciary duties to Apartment Botanist and DSS by:

- **Misappropriation of Confidential Information:** Danielle Ciccoli, acting on behalf of Palmstreet**,** misused the confidential business information and proprietary strategies provided by the Plaintiffs. Instead of using this information to support the Plaintiffs' success on the Palmstreet platform, she shared it with straw sellers, including Breanna Palacioz d/b/a Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal Tabby, together with her manager Rachael Pitler Hsihung, who then used this information to unfairly compete with the Plaintiffs.

- **Facilitation of Unfair Competition:** Palmstreet and Danielle Ciccoli allowed and facilitated the operation of improperly vetted sellers on the Palmstreet platform. This not only violated platform rules but also undermined the Plaintiffs' businesses by creating an uneven playing field where the Plaintiffs were forced to compete against sellers who were not held to the same standards.

- **Failure to Protect the Plaintiffs' Interests:** Despite their fiduciary obligations, Palmstreet and Danielle Ciccoli prioritized their own interests and those of the straw sellers over the Plaintiffs' interests. They failed to take appropriate action to protect the Plaintiffs from the harm caused by the unfair competition and the misuse of their confidential information.

**C.  Damages Resulting from Breach of Fiduciary Duty.**

197.   As a direct and proximate result of the Defendants' breach of fiduciary duty, Apartment Botanist and DSS suffered substantial financial harm, including:

   i. **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the Defendants' breach of fiduciary duty. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

      a. **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the Defendants' breach, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

   ii. **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the Defendants' breach of fiduciary duty. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

      b. **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the Defendants' breach, DSS suffered a substantial revenue shortfall and financial harm.

**D.  Punitive Damages.**

198.   The Defendants' actions were willful, malicious, and in reckless disregard of the Plaintiffs' rights. As such, Apartment Botanist and DSS are entitled to punitive damages in an

amount to be determined at trial, to punish the Defendants for their wrongful conduct and to deter similar conduct in the future.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet and Danielle Ciccoli, awarding the following relief:

i. Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

ii. Punitive damages in amounts to be determined at trial, to punish the Defendants for their malicious conduct and to deter similar conduct in the future.

iii. Any other relief the Court deems just and proper.

**COUNT VII**
**<u>VIOLATION OF SHERMAN ANTITRUST ACT (15 U.S.C. § 1 ET SEQ.)</u>**
(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

199. Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

200. This cause of action arises from the Defendants' violations of Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. § 1 et seq.), which prohibit contracts, combinations, or conspiracies in restraint of trade, and the unlawful monopolization or attempted monopolization of a market.

**A. Defendants' Unlawful Restraint of Trade.**

201. Defendants Palmstreet**,** Danielle    Ciccoli**,** Breanna    Palacioz    d/b/a    Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal

Tabby, together with her manager Rachael Pitler Hsihung, entered into a combination or conspiracy to restrain trade in the market for crystals and spiritual products sold on the Palmstreet platform.

202.    The Defendants conspired to exclude Apartment Botanist and DSS from the market by:

> i.    Allowing improperly vetted sellers, including Breanna Palacioz, Kathy Banegas, and Xiaohong Holly Song, together with her manager Rachael Pitler Hsihung, to operate on the Palmstreet platform without adhering to the same rules and standards that applied to other sellers.

> ii.    Facilitating and encouraging the dissemination of false and misleading information about the quality and pricing of the Plaintiffs' products, with the intent of driving customers away from Apartment Botanist and DSS and towards the Defendants' businesses.

> iii.    Sharing confidential business strategies and proprietary information from Apartment Botanist and DSS with the straw sellers, allowing them to replicate and undercut the Plaintiffs' products and services.

203.    These actions were designed to restrict competition, reduce consumer choice, and control prices in the market for crystals and spiritual products sold on the Palmstreet platform.

**B.    Market Power and Monopolistic Practices.**

204.    Palmstreet, as the operator of the Palmstreet platform, held significant market power as the primary online marketplace for crystals and spiritual products. By controlling access to the platform and its customer base, Palmstreet had the ability to influence market conditions and restrict competition.

205. Palmstreet and Danielle Ciccoli, acting in concert with the other Defendants, leveraged this market power to monopolize or attempt to monopolize the market by:

      i. Granting preferential treatment to straw sellers who competed with Apartment Botanist and DSS, while subjecting the Plaintiffs to more stringent rules and requirements.

      ii. Facilitating the exclusion of Apartment Botanist and DSS from the market by undermining their business operations and diverting their customers to the Defendants' businesses.

      iii. Engaging in predatory practices, including the intentional dissemination of false and misleading statements, to harm the Plaintiffs' reputation and force them out of the market.

206. The Defendants' conduct was intended to and did have the effect of substantially lessening competition, creating a monopoly or attempting to create a monopoly, and harming both the Plaintiffs and consumers by reducing competition, increasing prices, and limiting choices in the market for crystals and spiritual products.

**C. Antitrust Injury and Damages.**

207. As a direct and proximate result of the Defendants' antitrust violations, Apartment Botanist and DSS suffered significant financial harm, including:

      i. **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a substantial decline in revenue due to the Defendants' anticompetitive conduct. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

            a. **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the

Defendants' anticompetitive practices, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

    ii.  **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the Defendants' anticompetitive conduct. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

        b.  **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the Defendants' anticompetitive practices, DSS suffered a substantial revenue shortfall and financial harm.

**D. Treble Damages.**

208.    Pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15), which provides for treble damages in cases of antitrust violations, Apartment Botanist and DSS are entitled to recover three times the amount of their actual damages, as follows:

    i.  **Apartment Botanist:** Treble damages in the amount of **$2,163,753.09**.

    ii.  **DSS:** Treble damages in the amount of **$89,851.92**.

**E. Injunctive Relief.**

209.    Apartment Botanist and DSS seek a permanent injunction enjoining the Defendants from continuing to engage in the anticompetitive practices that have caused and continue to cause harm to the Plaintiffs and the competitive market for crystals and spiritual products.

**F. Attorney's Fees and Costs.**

210.    Pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15), Apartment Botanist and DSS are entitled to recover their reasonable attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy

Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

    i.   Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

    ii.   Treble damages in the amount of **$2,163,753.09** for Apartment Botanist and **$89,851.92** for DSS, in accordance with the Clayton Act.

    iii.   A permanent injunction preventing the Defendants from engaging in anticompetitive practices in violation of the Sherman Act.

    iv.   An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 15.

    v.   Any other relief the Court deems just and proper.

## COUNT VIII
## UNJUST ENRICHMENT

(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby)

211.    Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

212.    This cause of action arises from the Defendants' unjust enrichment at the expense of Apartment Botanist and DSS. The Defendants wrongfully benefited from the misappropriation of the Plaintiffs' proprietary business strategies, confidential information, and customer goodwill, which the Defendants used to unfairly compete and generate profits.

## A. Enrichment of the Defendants.

213.    Defendants Palmstreet, Danielle   Ciccoli, Breanna    Palacioz    d/b/a    Crystal

Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal

Tabby, together with her manager Rachael Pitler Hsihung, were unjustly enriched by:

i.   Misappropriating the Plaintiffs' proprietary business strategies and

confidential information, which were provided to them in confidence

and with the expectation that they would be used to benefit the

Plaintiffs' businesses.

ii.  Using the misappropriated information to replicate and undercut the

Plaintiffs' products and services, thereby diverting customers and

revenue away from Apartment Botanist and DSS and toward the

Defendants' businesses.

iii. Generating profits and increasing their market share at the expense

of Apartment Botanist and DSS by engaging in unfair competition and

misleading marketing practices.

214.    The enrichment of the Defendants was at the direct expense of Apartment

Botanist and DSS, who suffered financial losses and harm to their reputations as a result of the

Defendants' actions.

## B. The Injustice of the Enrichment.

215.    The Defendants' enrichment was unjust because:

i.   The Defendants acquired their profits and market position through

wrongful conduct, including the misappropriation of confidential

information, unfair competition, and the dissemination of false and misleading statements about the Plaintiffs' products.

ii. The Plaintiffs did not receive any compensation or benefit for the use of their proprietary information and business strategies, and the Defendants' actions directly harmed the Plaintiffs' ability to compete in the marketplace.

iii. Allowing the Defendants to retain the benefits of their wrongful conduct would result in an inequitable outcome, as the Defendants would profit from their misconduct while the Plaintiffs suffer ongoing financial harm.

**C. Lack of an Adequate Legal Remedy.**

216.    Apartment Botanist and DSS have no adequate legal remedy at law to fully compensate them for the financial and reputational harm caused by the Defendants' unjust enrichment.

217.    The Plaintiffs are entitled to restitution from the Defendants in order to prevent the Defendants from retaining the benefits of their wrongful conduct and to restore the Plaintiffs to the position they would have been in had the Defendants not engaged in unjust enrichment.

**D. Damages for Unjust Enrichment.**

218.    As a direct and proximate result of the Defendants' unjust enrichment, Apartment Botanist and DSS are entitled to restitution in the amount of the profits wrongfully obtained by the Defendants at the Plaintiffs' expense, including:

i. **Apartment Botanist's Lost Revenue:** Restitution in the amount of **$721,251.03**, representing the revenue lost by Apartment Botanist

due to the Defendants' wrongful conduct and the corresponding profits gained by the Defendants.

ii. **DSS's Lost Revenue:** Restitution in the amount of **$29,950.64**, representing the revenue lost by DSS due to the Defendants' wrongful conduct and the corresponding profits gained by the Defendants.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

i. Restitution in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS, representing the profits wrongfully obtained by the Defendants as a result of their unjust enrichment.

ii. Any other relief the Court deems just and proper to prevent the Defendants from unjustly profiting from their wrongful conduct.

## COUNT IX
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA) (FLA. STAT. § 501.204)
(Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. against Palmstreet, Danielle Ciccoli, The Healing Gem, Crystal Vibrations, and The Crystal Tabby)

219. Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

220. This cause of action arises from the Defendants' violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204, which prohibits unfair methods

of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

**A. Defendants'' Unfair and Deceptive Practice.**

221.    Defendants Palmstreet**,** Danielle    Ciccoli**,** Breanna    Palacioz    d/b/a    Crystal Vibration**,** Kathy Banegas d/b/a The Healing Gem**,** and Xiaohong Holly Song d/b/a The Crystal Tabby, together with her manager Rachael Pitler Hsihung, engaged in unfair and deceptive practices in the conduct of trade or commerce in violation of FDUTPA, including but not limited to:

    i.   **False Advertising and Misrepresentations:** Defendants made false and misleading statements about the quality, origin, and pricing of the products sold by Apartment Botanist and DSS. These statements were intended to deceive consumers and divert business away from the Plaintiffs to the Defendants' businesses.

    ii.   **Unfair Competition:** Defendants, with the knowledge and support of Palmstreet and Danielle Ciccoli, unfairly competed with Apartment Botanist and DSS by allowing improperly vetted sellers to operate on the Palmstreet platform and by using the Plaintiffs' confidential information to replicate and undercut their products.

    iii.   **Deceptive Business Practices:** Defendants misappropriated the Plaintiffs' proprietary business strategies and customer information, then used this misappropriated information to mislead consumers and create an unfair marketplace where the Plaintiffs were unable to compete on equal footing.

**B. Impact on Trade and Commerce.**

222.     The Defendants' unfair and deceptive practices were conducted in the course of trade and commerce in Florida, where DSS is located and conducts business and where all of the Defendants conduct business. The Defendants' actions directly impacted the Plaintiffs' ability to conduct business within the state, as well as their relationships with customers both within and outside Florida.

223.     The Defendants' practices had the effect of misleading consumers, reducing competition, and harming the Plaintiffs' businesses by creating a marketplace in which consumers were misled about the quality, origin, and pricing of the products offered by the Plaintiffs.

**C. Actual Damages.**

224.     As a direct and proximate result of the Defendants' violations of FDUTPA, Apartment Botanist and DSS have suffered substantial financial harm, including:

    i.   **Apartment Botanist's Lost Revenue:** Apartment Botanist experienced a significant decline in revenue due to the Defendants' unfair and deceptive practices. From January 1, 2024, to August 3, 2024, Apartment Botanist's total revenue after accounting for fees fell to **$257,184.27**.

        a.   **Projected Losses for Apartment Botanist:** Based on previous performance and growth trends, Apartment Botanist projected its revenue for 2024 to reach **$978,435.30**. Due to the Defendants' unfair and deceptive practices, Apartment Botanist suffered a revenue shortfall of **$721,251.03**.

    ii.  **DSS's Lost Revenue:** DSS similarly experienced a significant decline in revenue due to the Defendants' unfair and deceptive practices. From January 1, 2024, to August 9, 2024, DSS's total revenue fell to **$29,950.64**.

        b.   **Projected Losses for DSS:** Based on previous performance, DSS projected its revenue for 2024 to be significantly higher. Due to the Defendants' unfair and deceptive

practices, DSS suffered a substantial revenue shortfall and financial harm.

**D. Entitlement to Relief.**

225.    Pursuant to Fla. Stat. § 501.211, Apartment Botanist and DSS are entitled to recover actual damages suffered as a result of the Defendants' unfair and deceptive practices, as well as any other relief the Court deems just and proper.

226.    In addition to actual damages, Apartment Botanist and DSS seek an injunction preventing the Defendants from continuing to engage in unfair and deceptive practices that harm the Plaintiffs and consumers in Florida.

227.    Apartment Botanist and DSS are also entitled to recover their reasonable attorney's fees and costs incurred in bringing this action, pursuant to Fla. Stat. § 501.2105.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendants Palmstreet, Danielle Ciccoli, Breanna Palacioz d/b/a Crystal Vibration, Kathy Banegas d/b/a The Healing Gem, and Xiaohong Holly Song d/b/a The Crystal Tabby, awarding the following relief:

i.    Actual damages in the amount of **$721,251.03** for Apartment Botanist and **$29,950.64** for DSS for lost revenue and financial harm.

ii.    Treble damages in the amount of **$2,163,753.09** for Apartment Botanist and **$89,851.92** for DSS for lost revenue and financial harm.

iii.    A permanent injunction preventing the Defendants from engaging in unfair and deceptive practices in violation of FDUTPA.

iv.    An award of reasonable attorney's fees and costs pursuant to Fla. Stat. § 501.2105.

v.   Any other relief the Court deems just and proper.

**COUNT X**
**EXTORTION (VIOLATION OF FLA. STAT. § 836.05, N.J.S.A. 2C:20-5 and California Penal Code § 518)**
(Plaintiff Made with Laser, LLC d/b/a Apartment Botanist against Defendant Kathy Banegas d/b/a The Healing Gem)

228.    Plaintiffs incorporate by reference all preceding paragraphs 1 through 129 as if fully set forth herein.

**A.  Extortionate Conduct.**

229.    On or about July 16, 2024, Defendant Kathy Banegas, through her legal counsel, sent a cease-and-desist letter to Plaintiff Alessia Resta a/k/a Made with Laser, LLC d/b/a Apartment Botanist. In this letter, Ms. Banegas falsely accused Ms. Resta of making defamatory statements and demanded payment of $12,500 in financial reparations, as well as a public apology, under the threat of legal action. The letter further stated that if Ms. Resta did not comply with these demands, Ms. Banegas would pursue legal remedies, including seeking attorney's fees and costs. See Exhibit "M" attached hereto.

**B.  Violation of Florida Statute § 836.05, N.J.S.A. 2C:20-5 and California Penal Code § 518.**

230.    The conduct of Defendant Kathy Banegas constitutes a violation of Florida Statutes § 836.05, N.J.S.A. 2C:20-5 and California Penal Code § 518**,** which makes it unlawful to maliciously threaten, by written communication, to accuse another of any crime or offense, or to expose another to disgrace, with the intent to extort money or any pecuniary advantage. The demands and threats made in the letter were intended to coerce Ms. Resta into paying money and issuing a public apology under duress.

### C.  False and Baseless Claim.

231.    The allegations made by Ms. Banegas in the letter were knowingly false and were made with the intent to extort money and a public apology from Ms. Resta. The statements in the letter were not grounded in fact and were intended to coerce Ms. Resta into complying with demands that she had no legal obligation to fulfill.

### D.  Intent to Coerce.

232.    The language and demands in the letter demonstrate an intent to intimidate and coerce Ms. Resta into paying money and making a public apology, thereby creating a situation where she would be forced to act against her will to avoid the threatened legal action. The threat of legal action was made with the knowledge that the underlying claims were false, rendering the threat illegitimate and extortionate.

### E.  Resulting Harm.

233.    As a direct result of Ms. Banegas's extortionate conduct, Plaintiff Alessia Resta suffered emotional distress and was forced to expend time and resources in responding to the baseless claims and threats made by Ms. Banegas. The extortionate conduct also caused harm to the reputation and business operations of both Apartment Botanist and Divine Serenity Shop, as the demands were publicized and impacted Ms. Resta's business dealings.

### F.  Relief Sought.

234.    Plaintiffs seek compensatory damages for the emotional distress and harm caused by Ms. Banegas's extortionate conduct, as well as punitive damages to deter such unlawful conduct in the future. Plaintiffs also seek injunctive relief to prevent Ms. Banegas from making further extortionate demands or threats of legal action based on false claims.

**WHEREFORE**, Plaintiffs Made with Laser, LLC d/b/a Apartment Botanist and Divine Serenity Shop, Inc. respectfully request that the Court enter judgment in their favor and against Defendant Kathy Banegas, awarding the following relief:

i. **Compensatory Damages:** An award of compensatory damages in an amount to be determined at trial, sufficient to compensate Plaintiffs for the harm caused by Defendant's extortionate conduct.

ii. **Punitive Damages:** An award of punitive damages in an amount to be determined at trial, sufficient to punish Defendant for her willful and malicious conduct and to deter similar conduct in the future.

iii. **Injunctive Relief:** A permanent injunction preventing Defendant from making further extortionate demands or threats of legal action based on false claims.

iv. **Attorney's Fees and Costs:** An award of reasonable attorney's fees and costs incurred in bringing this action.

v. **Any Other Relief:** Any other relief the Court deems just, equitable, and proper under the circumstances of this case.

## VI. DEMAND FOR JURY TRIAL

235.    Plaintiffs demand a trial by jury on all issues so triable.

**DATED** this 31st day of August 2024.

Respectfully submitted,

**THE LAW OFFICE OF**
**NILES B. WHITTEN, PLLC**
9200 NW 39th Avenue
Suite 130-3007
Gainesville, FL 32606
Phone: (352) 204-0322
niles@nbwhittenlaw.com
litsupport@nbwhittenlaw.com
*Attorney for the Plaintiff's*

By: */s/ Niles B. Whitten*
**Niles B. Whitten**
**Attorney at Law**
Fla. Bar No.: 71150