UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVINE SERENITY SHOP, INC.,
and MADE WITH LASER, LLC d/b/a
Apartment Botanist,

    Plaintiffs,
v.                                                                              Case No. 8:24-cv-2081-WFJ-LSG

PLANT IDENTIFICATION INC., d/b/a
Palmstreet f/k/a Plantstory; CHEN LI;
DANIELLE CICCOLI; KATHY BANEGAS
d/b/a The Healing Gem, BREANNA PALACIOZ
d/b/a Crystal Vibrations; and XIAOHONG
HOLLY SONG d/b/a The Crystal Tabby,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Kathy Banegas d/b/a The Healing Gem's *pro se* motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim (Dkt. 9), Plaintiffs' response (Dkt. 10), and the reply (Dkt. 11). After careful consideration of the allegations of the complaint and the submissions of the parties, the Court concludes it lacks personal jurisdiction over Kathy Banegas d/b/a The Healing Gem.

### BACKGROUND

Plaintiffs and Defendants market and sell crystals, gems, jewelry, plants, and other healing and metaphysical products. Plaintiff Divine Serenity Shop, Inc.

("Divine Serenity") is a Florida corporation and conducts business in Florida. Dkt. 1 ¶ 5. According to the complaint, Divine Serenity is "located in Hillsborough County, Florida." Dkt. 1 ¶ 5. Florida's official business entity records show that Divine Serenity's principal place of business is Miami, Florida, which is located in Dade County.[1] Plaintiff Made with Laser, LLC d/b/a Apartment Botanist ("Apartment Botanist") is a New Jersey limited liability corporation.[2] Dkt. 1 ¶ 6.

Defendant Kathy Banegas is domiciled in California and operates her small business—The Healing Gem—as a registered fictitious business name in Los Angeles County, California.[3] Dkt. 1 ¶ 10. Defendants Chen Li, Breanna Palacioz d/b/a Crystal Vibrations, and Xiaohonh Holly Song d/b/a The Crystal Tabby—are citizens of California.[4] Dkt. 1 ¶¶ 8–12. Defendant Danielle Ciccoli is a citizen of Ohio.[5] Dkt. 1 ¶ 9. Defendant Plant Identification Inc. d/b/a Palmstreet f/k/a Plantstory ("Palmstreet") is a Delaware corporation "registered as a California corporation, located in California."[6] Dkt. 1 ¶ 7. Despite none of the Defendants

---

[1] *See* https://dos.fl.gov/sunbiz/ (last visited May 5, 2025). The "sunbiz" records also show that the "officer/director" as well as registered agent is Teresa Martinez, with the same corporate address in Miami.
[2] *See* https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName (last visited May 5, 2025).
[3] *See* https://apps.lavote.gov/#/onlinesearch (last visited May 5, 2025).
[4] Chen Li is the "Founder, Owner, President and CEO" of Palmstreet. Dkt. 1 ¶ 8. Although Chen Li is named as a defendant, none of the counts seek relief against him.
[5] Plaintiffs allege Ms. Ciccoli works for Palmstreet. Dkt. 1 ¶ 9.
[6] *See* https://bizfileonline.sos.ca.gov/search/business (last visited May 5, 2025). Defendant Chen Li is listed as its agent on the California Secretary of State corporate statement of information.

residing or registered to do business in Florida, Plaintiffs allege that all six defendants conduct business in Florida. Dkt. 1 ¶¶ 7–12.

Plaintiffs and Defendants sell on Palmstreet—a shopping (ecommerce) platform and application or "app"—that specializes in facilitating the sale of plants, crafts, and crystals. Dkt. 1 ¶¶ 7, 13. Live streaming presentations on Palmstreet are conducted in a warehouse located in Azusa, California, used by The Crystal Tabby. Dkt. 1 ¶ 18. During the live sessions, Ms. Banegas and other sellers "display crystal and merchandise owned by Defendant Song and offer them to consumers—who do not hold a reseller certificate—at wholesale prices or at rates significantly lower than typical reseller prices." Dkt. 1 ¶ 18. Defendant Kathy Banegas d/b/a The Healing Gem and Defendant Breanna Palacioz d/b/a Crystal Vibrations allegedly identify as employees of Defendant Song and unlawfully act as third-party "straw" sellers for Song. Dkt. 1 ¶ 18.

As to Plaintiff Apartment Botanist, the complaint alleges that Ms. Banegas falsely claimed on Palmstreet that Apartment Botanist had instructed its customers to unfollow The Healing Gem, which Plaintiff claims it did not do. Dkt. 1 ¶ 34. Ms. Banegas also allegedly said on Palmstreet live-streaming sessions that she was being bullied by Apartment Botanist, that Apartment Botanist was upset because The Healing Gem's pricing was better, and that she was not selling from a wholesale warehouse (The Crystal Tabby) "while at the same time admitting she

3

was an employee of [Song], showing not her merchandise that she paid for but rather, the merchandise of the wholesale warehouse." Dkt. 1 ¶ 34.

As to Plaintiff Divine Serenity, the complaint alleges that wholesale straw sellers like Kathy Banegas d/b/a/ The Healing Gem and other Defendants benefitted from Palmstreet and Ms. Ciccoli's misuse of the confidential information shared by Divine Serenity. Dkt. 1 ¶ 53. Specifically, Ms. Banegas and others used the insights into Divine Serenity's product sourcing and pricing strategies provided to them by Palmstreet to source similar products at lower costs and to offer them at reduced prices on the Palmstreet ecommerce platform. Dkt. 1 ¶ 55. Confidential customer acquisition and engagement strategies were used to design targeted marketing campaigns to compete with and siphon off Divine Serenity's customer base. Dkt. 1 ¶ 56. Banegas and others misappropriated business strategies and aggressively solicited Plaintiffs' customers by "offering unsustainable prices and making false claims about the quality of their products." Dkt. 1 ¶ 71.

Count I is directed solely against Palmstreet for breach of an implied contract. Dkt. 1 ¶¶ 130–136. Plaintiffs allege Palmstreet failed to safeguard Plaintiffs' proprietary business strategies, customer information, and confidential marketing plans by sharing same with Defendant "straw" sellers. Dkt 1 ¶ 133. According to the complaint, Palmstreet unlawfully permitted the wholesale straw

4

sellers such as Kathy Banegas d/b/a The Healing Gem to operate on the live shopping platform without proper adherence to Palmstreet rules, which in turn allowed unfair competition with Apartment Botanist and Divine Serenity.[7] Dkt 1 ¶ 133. Plaintiffs' business growth was undercut, and revenue suffered in total about $750,000 in 2024. Based on these same allegations, Count VI claims that Palmstreet and its Business Development Director, Danielle Ciccoli, breached fiduciary duties owed to Plaintiffs as their trusted business partners and advisors. Dkt. 1 ¶¶ 193–98.

The claims against Kathy Banegas d/b/a The Healing Gem and others include tortious interference, defamation, civil conspiracy, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), together with violations of the Lanham Act, 15 U.S.C. § 1125(A) and the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*. Count II alleges that Palmstreet and the straw sellers tortiously interfered with business relations by using confidential information provided by Palmstreet to replicate Plaintiffs' business models, offer competing products at lower prices, disparage Plaintiffs' products, and falsely claim that Plaintiffs' products were overpriced and inferior, as well as soliciting

---

[7] The platform guidelines "prevent unfair competition between wholesale crystal sellers and resale sellers" and "ensure that smaller resale sellers can compete fairly without being overshadowed by larger wholesale operations." Dkt. 1 ¶¶ 14, 15.

Plaintiffs' customers by targeted marketing and promotions, and misappropriating Plaintiffs' business strategies.  Dkt. 1 ¶ 144.

Count III alleges that the Defendants made false and defamatory statements about the quality, pricing, and authenticity of the products sold by Plaintiffs on the Palmstreet live shopping platform.  Dkt. 1 ¶ 153.  As examples, Apartment Botanist, referred to as "the first crystal seller," alleges that Kathy Banegas d/b/a The Healing Gem made false and disparaging statements that 1) Apartment Botanist had instructed its customers to unfollow The Healing Gem on Palmstreet and 2) Apartment Botanist was bullying Ms. Banegas because of lower pricing.  Dkt. 1 ¶¶ 33, 34, 150.  Count IV alleges that all Defendants conspired to coordinate a campaign to defame Plaintiffs by spreading false and misleading statements about the quality and pricing of Plaintiffs' products on social media and Palmstreet.  Dkt. 1 ¶ 170.

Count V alleges that Banegas and others violated Section 43(a) of the Lanham Act by engaging in false designation of origin by selling products deliberately designed to mimic branding, intending to create consumer confusion, and causing harm to Plaintiffs' businesses through unfair competition.  Dkt. 1 ¶¶ 178, 180, 181.  Count VII asserts that all Defendants combined or conspired to restrain trade in the market for crystals and spiritual products sold on Palmstreet in violation of the Sherman Antitrust Act.  Dkt. 1 ¶¶ 200–202.  Count VIII claims

unjust enrichment and seeks restitution in the amount of lost revenue.  Dkt. 1 ¶¶ 212–218.  Count IX alleges a violation of FDUTPA for false advertising, unfair competition, and deceptive business practices.  Dkt. 1 ¶¶ 220–227.

The last claim, Count X, alleges extortion under Florida, New Jersey, and California law against only Kathy Banegas d/b/a The Healing Gem.  Dkt. 1 ¶¶ 229, 230.  Plaintiffs allege that Banegas, through counsel, sent a cease-and-desist notice to Apartment Botanist in which she falsely accuses Alessia Resta (owner of Apartment Botanist) of making defamatory statements.  Dkt. 1 ¶ 229; Dkt. 1-14 (Ex. M).  The letter reads in pertinent part:

> Ms. Banegas has never advertised or held herself out to be a wholesaler of crystals on Palmstreet or any other ecommerce platform.  This does not preclude her from using a warehouse to film her livestreams. . . . In June of 2024, you spread false information about Ms. Banegas to all of your clients that she was a wholesaler.  Your customers, who took your words at face value and deemed it "true," visited Ms. Banegas's shop and saw that her livestream took place in a warehouse, creating an illusion that she was a "wholesaler" when in fact, this entire time, Ms. Banegas was and still is an honest small-business owner.
>
> You bullied Ms. Banegas, turned her loyal customer base against her, and sabotaged her sales.  After your defamatory remarks, she lost over $12,000.00 in sales due to the high number of Palmstreet users that refused her products. . . .
> . . . .
> **The total amount you are liable for is $12,5000.00. In addition to financial reparations, Ms. Banegas demands that you issue a public apology recanting your statement on Palmstreet.** . . .

Dkt. 1-14 at 1 (emphasis in original).

7

Defendant Banegas, proceeding *pro se*, challenges personal jurisdiction, improper venue, and whether the complaint states a claim relief.

## LEGAL STANDARD

Generally, "when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint." *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990). If personal jurisdiction is improper in the forum, the district court should end its analysis rather than reach the merits. *Marsalis v. STM Reader, LLC*, 806 F. App'x 748, 752–53 (11th Cir. 2020) (citing *Madara*). A dismissal for lack of personal jurisdiction, as well as improper venue, is without prejudice. *Madara*, 916 F.3d at 1514.

To establish personal jurisdiction over a nonresident defendant, the plaintiff must present a *prima facie* case by alleging sufficient facts in the complaint. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). When the defendant submits affidavits contrary to the allegations in the complaint, the burden does not shift back to the plaintiff if those affidavits "contain only conclusory assertions that the defendant is not subject to jurisdiction." *Louis Vuitton Malletier*, 736 F.3d at 1350 (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). If the "complaint

and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citing *Madara*).

## DISCUSSION

Plaintiffs invoke this court's federal question jurisdiction, 28 U.S.C. § 1331, by asserting claims under the Lanham Act and federal antitrust laws, in addition to supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367(a).[8] Dkt. 1 ¶ 2. Establishing personal jurisdiction over nonresident defendants, however, is another matter. Where federal statutes are silent regarding service of process, the court looks first to the state long-arm statute to determine whether it may exercise personal jurisdiction over a nonresident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

If the state long-arm statute is satisfied, the court addresses due process concerns requiring sufficient "minimum contacts" between the defendant and the forum state such that exercising personal jurisdiction would not "offend traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citing *Sculptchair, Inc.*, 94 F.3d at 626, 630–31 and

---

[8] Plaintiff does not assert diversity jurisdiction.

quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  A three-prong test for due process requires the court consider: (1) whether the claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the defendant "purposely availed" herself of the privilege of conducting activities within the forum state; and (3) whether exercising personal jurisdiction would not offend "traditional notions of fair play and substantial justice."  *Louis Vuitton Malletier*, 736 F.3d at 1355 (citations omitted); *Future Tech.*, 218 F.3d at 1250 (listing three prongs).  Because federal due process "is not built into Florida's long-arm statute and is more restrictive," the due process analysis must also be conducted if the long-arm statute is satisfied.  *See Worman v. Golden Cattle City, Inc.*, No. 8:22-cv-2891-SCB-MRM, 2023 WL 10404993, at *2 (M.D. Fla. Mar. 8, 2023) (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1207 (Fla. 2010)).[9]

Both federal acts (Counts V and VII) are silent regarding service of process.  Thus, the Court must determine whether personal jurisdiction exists under Florida's long-arm statute.

---

[9] After the Florida Supreme Court answered the question certified in *Marshall*, the Eleventh Circuit reversed the district court's dismissal for lack of personal jurisdiction.  *Internet Sols. Corp. v. Marshall*, 611 F.3d 1368 (11th Cir. 2010).  In Florida, if a nonresident defendant commits a tort such as defamation or trade libel by "posting allegedly defamatory material about [the plaintiff] that was accessible in Florida when the material *was then accessed and thus published in Florida*," the nonresident defendant is subject to the long-arm statute. *Id.*, 611 F.3d at 1370. (emphasis added).  In *Marshall*, the defamatory material posted on a website was both accessible in Florida and was, in fact, accessed by several Florida residents.  *Id.*, 611 F.3d at 1370.

10

**<u>Florida's Long-Arm Statute</u>**

Under the Florida long-arm statute, personal jurisdiction may be either specific or general. *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010). In each circumstance, the court must necessarily determine if the complaint states a cause of action. *PVC Windoors, Inc.*, 598 F.3d at 808 & n.9 (citing Florida law). The two federal claims will be addressed first because they provide the sole basis for original subject matter jurisdiction.[10] *See, e.g.*, *Kaufman, Englett & Lynd, PLLC v. Better Bus. Bureau of Cent. Fla., Inc.*, No. 6:12-cv-31-Orl-28KRS, 2013 WL 524931, at *6 (M.D. Fla. Feb. 13, 2013) (dismissing for lack of personal jurisdiction based on complaint's failure to state a claim under Lanham Act).

*General Jurisdiction*

Kathy Banegas is an individual who is domiciled in California, and The Healing Gem is a California registered fictitious name. To establish general long-arm jurisdiction, the plaintiff must show that a nonresident defendant is "engaged in substantial and not isolated activity" in the state. § 48.193(2), Fla. Stat. The complaint here simply states that Kathy Banegas d/b/a The Healing Gem (and

---

[10] The court may decline to exercise supplemental jurisdiction over the state law claims if federal question jurisdiction no longer exists. 28 U.S.C. § 1367(c)(3); *Stalley v. Cumbie*, 586 F. Supp. 3d 1211, 1248–49 (M.D. Fla. 2022) (declining to exercise supplemental jurisdiction over state law claims based on same facts as federal claims, once federal claims have been dismissed).

every other Defendant) "conducts business in the State of Florida." Dkt. 1 ¶¶ 7–12. This statement, without more, does not establish "continuous and systematic general business contact" in Florida. *See Gazelles FL, Inc. v. Cupp*, No. 6:18-cv-544-Orl-22KRS, 2018 WL 7364591, at *5 (M.D. Fla. Sept. 26, 2018) (quoting *Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999)).

Plaintiffs' attachments to the response in opposition do not prove otherwise. One document shows that Plaintiff Divine Serenity made one purchase from Kathy Banegas/The Healing Gem for $15 in May 2024, which was shipped to Florida. Dkt. 10-1. Another document is a list of six names with five Florida addresses, two of which are located in the Middle District of Florida. Dkt. 10-4. This list is purportedly Palmstreet users located in Florida with whom Ms. Banegas allegedly did business. Dkt. 10 at 2. None of the attachments to Plaintiffs' response are verified or sworn. Dkts. 10-1; 10-2; 10-3; 10-4. Consequently, general jurisdiction is neither pleaded nor supported by any additional submissions.

### *Specific Jurisdiction*

Under specific long-arm jurisdiction, the claim must arise from or relate to the individual defendant's activity within Florida. § 48.193(1)(a), Fla. Stat.; *Louis Vuitton Malletier*, 736 F.3d at 1352. Of the nine enumerated acts subjecting a nonresident to specific personal jurisdiction, Plaintiffs argue only two: engaging in

a business; and committing a tortious act. § 48.193(1)(a)1. ("engaging in, . . .a business in this state"); 2. ("[c]omitting a tortious act within this state").

Plaintiffs do not address the tortious conduct in the context of the two federal claims, although this Court must. *See Kaufman*, 2013 WL 524931, at *6 (requiring court to decide personal jurisdiction on bases providing for subject matter jurisdiction). The long-arm statute extends to tortious acts committed outside the state if the acts cause injury in Florida. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217 (11th Cir. 1999). The first step is determining whether the allegations make out a *prima facie* case of jurisdiction. *See, e.g.*, *Posner*, 178 F.3d at 1214.[11]

In the Eleventh Circuit, a Lanham Act claim is considered a "tortious act" for purposes of personal jurisdiction under Florida's long-arm statute. *See Louis Vuitton Malletier*, 736 F.3d at 1353. Count V does not allege a trademark infringement, but rather false designation and misrepresentation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Dkt. 1 ¶¶ 2, 174. There are no factual, or conclusory, allegations that tie Ms. Banegas's conduct in California to Plaintiffs' injury in Florida. Nor is there a connection established by the attachments to the response listing six individuals with Florida addresses and showing that Plaintiffs bought crystals from The Healing Gem using the Palmstreet

---

[11] *See also* cases cited at page 8, *supra*, of this Order.

app. The attachments are unsworn and devoid of any reference or explanation as to their source. Thus Plaintiffs have failed to carry their burden of establishing personal jurisdiction.

Having determined that Florida's long-arm statute has not been satisfied, the Court need not address the three-pronged due process test. *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545 (11th Cir. 2019) (citing *Mazer*, 556 F.3d at 1274 n.15 and *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1319 (11th Cir. 2006)). Yet even assuming Count V adequately alleges personal jurisdiction over Ms. Banegas, the Court finds due process has not been met. For intentional torts, the defendant's contacts must be directly aimed at the forum and cause injury within the forum that "the defendant should have reasonably anticipated." *See Argos Global Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1090–91 (S.D. Fla. 2020) (citations omitted) (finding personal jurisdiction did not comport with due process). There has been no showing that the livestream events held in Song's warehouse in California specifically targeted Florida customers. *See Uniters N. Am., LLC v. Serveco Int'l, Inc.*, No. 8:21-cv-2381-CEH-AAS, 2022 WL 4464846 (M.D. Fla. Sept. 26, 2022). Even if Florida consumers bought Ms. Banegas's crystals, which has not been alleged or proven (other than Plaintiffs themselves purchasing the crystals), she did not target her sales to Florida consumers and any particular sales have not been adequately tied to any false representations made in California.

Plaintiffs challenge personal jurisdiction by relying on only the state law claims, under supplemental jurisdiction, of defamation and tortious interference. Dkt. 10 at 2, 5. Plaintiffs cite *Kiem v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016), which is inapposite. *Kiem* analyzes long-arm jurisdiction under the Telephone Consumer Protection Act using agency principles to implicate text messages being sent into Florida. There, the cause of action arose from the text messages received as a result of the defendants' text-message marketing campaigns. Here, Plaintiffs do not tie Ms. Banegas's actions in California to their alleged financial and reputational losses in Florida.[12]

## CONCLUSION

Defendant Kathy Banegas d/b/a The Healing Gem's *pro se* motion to dismiss (Dkt. 9) is granted without prejudice. Any amended pleading must be filed within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on May 6, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and unrepresented parties

---

[12] In Florida, the criminal extortion statute, § 836.05, Fla. Stat., does not create a private right of action for damages. *See Harris v. Jan*, No. 2:18-cv-383-FtM-29MRM, 2018 WL 4898831, at *2 (M.D. Fla. Oct. 9, 2018). Count X for extortion under Florida law is dismissed with prejudice.