UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVINE SERENITY SHOP, INC.,
a Florida Corporation, and
MADE WITH LASER, LLC d/b/a
APARTMENT BOTANIST,
a New Jersey Corporation,

    Plaintiffs,                                      CASE NO. 8:24-cv-02081-WFJ-LSG

v.

PLANT IDENTIFICATION INC., d/b/a
PALMSTREET, f/k/a PLANTSTORY,
a California Corporation,
CHEN LI, an individual,
DANIELLE CICCOLI, an individual,
KATHY BANEGAS d/b/a THE HEALING GEM,
BREANNA PALACIOZ d/b/a
CRYSTAL VIBRATIONS

    Defendants.
_____/

## RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

Defendants Plant Identification, Inc., d/b/a Palmstreet, f/k/a Plantstory ("**Palmstreet**"), Chen Li, and Danielle Ciccoli (collectively, "**Defendants**") hereby file this Response in Opposition to Plaintiffs' Motion for Entry of Partial Final Judgment Under Rule 54(b) (the "**Motion**") (Dkt. 119).

1

I.  **Introduction**

Nine months after losing their claims against Defendants, Plaintiffs now try to sidestep the normal appellate process by demanding partial final judgment under Rule 54(b). Plaintiffs' own admissions, however, destroy the only argument they offer: the dismissed claims against Defendants arise from and turn on Palmstreet's Terms and Conditions (the "**Terms**"), while the claims against the remaining defendants involve entirely different issues and parties who are "not subject to" the Terms. Motion at ¶ 3. There is no overlap, no risk of duplicative litigation, and no exceptional circumstance to justify the extraordinary remedy they seek. This is a baseless attempt to manufacture a premature appeal, and the Court should deny it.

II.  **Argument**

"Rule 54(b) certifications '***must be reserved for the unusual case*** in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (quoting *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981)) (emphasis added). Because these "circumstances will be encountered only rarely," the Eleventh Circuit has repeatedly "counseled district courts to

2

4932-3642-2671.3

exercise the limited discretion afforded by Rule 54(b) conservatively." *Ebrahimi*, 114 F.3d at 166.

The Eleventh Circuit has identified factors that warrant, and do not warrant, a Rule 54(b) certification. For example, where a Rule 54(b) certification and immediate appeal would resolve issues pending in interrelated actions, a Rule 54(b) cert may be appropriate. *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022). As another example, a Rule 54(b) certification may be appropriate where it would help avoid "piecemeal appeals." *Id.*

This case is not the "unusual" one where Rule 54(b) certification is appropriate. An immediate appeal would not help streamline this litigation – indeed, Plaintiffs concede the appeal would concern the Terms, which the remaining defendants are "not subject to." Motion at ¶ 3. Likewise, it would do nothing to avoid piecemeal appeals. A win (or loss) for Defendants on appeal would not resolve, or even affect, the claims against the remaining defendants. Those claims would proceed here, and Plaintiffs could still pursue a separate appeal later. An immediate appeal now would serve no purpose but to give Plaintiffs a premature bite at the appellate apple.

The record shows no pressing needs that outweigh the risks of splintering this litigation. Plaintiffs identify no hardship, procedural dead-end, or tactical necessity that justifies bypassing the ordinary course toward a

3

single, final judgment. Their own admissions foreclose any suggestion that the appeal would somehow streamline this action. Separate appeals now would multiply proceedings, burden the appellate docket, and inject unnecessary complexity, all without advancing the resolution of the case in this Court. Rule 54(b) is a narrow exception to the bedrock principle against piecemeal appeals, and it is only rarely granted, and Plaintiffs offer no basis to depart from that guidance. This litigation can and should proceed to a final judgment in the ordinary way, with all remaining issues decided before any appeal is taken. Plaintiffs' Motion does nothing to serve judicial economy and everything to serve their own preference for an early, stand-alone appeal. The Court should reject that strategy and deny the Motion.

### III. Conclusion

Plaintiffs have shown no overlap in claims, no danger of duplicative litigation, and no exceptional circumstances warranting Rule 54(b) relief. The Motion is nothing more than a belated attempt to secure a premature appeal of claims this Court has already dismissed. The Court should deny the Motion in full.

Dated: February 13, 2026

/s/ *Jason P. Mehta*
Jason P. Mehta
Florida Bar No. 106110
Samantha M. Gerencir
Florida Bar No. 1019553
Foley & Lardner LLP
100 N. Tampa Street, Suite 2700
Tampa, FL 33602
Phone: (813) 229-2300
Fax: (813) 221-4210
Email: jmehta@foley.com
Email: samantha.gerencir@foley.com
Secondary Email: dmills@foley.com

*Attorneys for Defendants, Plant Identification Inc., d/b/a Palmstreet, f/k/a Plantstory; Chen Li, and Danielle Ciccoli*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I filed the foregoing with the Court's electronic filing system, which will cause a copy to be served upon all counsel of record.

/s/ *Jason P. Mehta*
Jason P. Mehta

4932-3642-2671.3