UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIVINE SERENITY SHOP, INC, and MADE WITH LASER, LLC d/b/a Apartment Botanist,

Plaintiffs,

v. Case No: 8:24-cv-02081-JLB-LSG

PLANT IDENTIFICATION INC., d/b/a Palmstreet f/k/a Plantstory; CHEN LI; DANIELLE CICCOLI; KATHY BANEGAS d/b/a The Healing Gem, BREANNA PALACIOZ d/b/a Crystal Vibrations; and XIAOHONG HOLLY SONG d/b/a The Crystal Tabby,,

Defendants.
_____________________________________/

**ORDER**

Before the Court is Divine Serenity Shop, Inc.'s ("Divine Serenity") and Made With Laser, LLC's d/b/a Apartment Botanist ("Apartment Botanist") (collectively, "Plaintiffs"') Motion for Entry of Partial Final Judgment Under Rule 54(b) as to Defendants Plant Identification, Inc. d/b/a Palmstreet f/k/a Plantstory ("Palmstreet"), Chen Li, and Danielle Ciccoli. (Doc. 119). After careful review, the Motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed their original complaint against Defendants Palmstreet, Chen Li, Danielle Ciccoli, Kathy Banegas, Breanna Palacioz, and Xiaohong Holly Song. (Doc. 1). Defendants Palmstreet, Chen Li, and Danielle Ciccoli moved to dismiss

the claims against them. (Doc. 18). The Court granted the motion without prejudice, without leave to amend, finding that Plaintiffs' claims against these Defendants would not be brought in this jurisdiction again based on the valid and enforceable forum selection clause. (Doc. 53 at 20). Still remaining were the claims against Defendants Banegas, Palacioz, and Song. Plaintiffs moved for reconsideration (Doc. 56), which the Court denied. (Doc. 60).

Now, Plaintiffs seek to have this Court enter partial final judgment in the case as to Defendants Palmstreet, Chen Li, and Danielle Ciccoli so that Plaintiffs may seek appeal of the Court's Order prior to entry of final judgment as to all Defendants. (Doc. 119). Defendants Palmstreet, Li, and Ciccoli respond in opposition. (Doc. 120).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In other words, "[t]he Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

## DISCUSSION

In determining whether Rule 54(b) certification is appropriate, the Court must assess whether there is any just reason to delay the appeal of individual final

judgments. *Id.* (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). This requires the Court to weigh administrative interests of the judiciary with relevant equitable concerns. *Id.* at 165–66. In considering the judiciary's administrative interests, the Court "preserves the historic federal policy against piecemeal appeals." *Id.* at 166 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). In considering equitable concerns, the Court "limit[s] Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with the delay." *Id.*

Indeed, "Rule 54(b) certifications must be reserved for the ***unusual case*** in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (citation and internal quotation marks omitted) (emphasis added). And "such circumstances will be encountered only rarely . . . ." *Id.*

Here, Plaintiffs argue that, because the rulings as to Defendants Palmstree, Li, and Ciccoli are complete, certification under Rule 54(b) is appropriate. (Doc. 119 at 4). Specifically, Plaintiffs argue that appellate review may avoid duplicative or relitigated litigation and provide clarity for the remaining proceedings. (*Id.* at 5). But Plaintiffs also contend that the issues surrounding these Defendants are "predominantly solely related to the purported 'Terms and Conditions' that would control jurisdiction and/or arbitration—factors that the remaining Defendants are not subject to." (*Id.* at 2). To be sure, Plaintiffs do not argue that there is an

overlap in the claims against the Defendants that warrants Rule 54(b) certification.

Under these circumstances, the Court agrees with Defendants that this is not such an "unusual case" where there is a "pressing need[]" to separate the litigation. (Doc. 120); *Ebrahimi*, 114 F.3d 166. Plaintiffs have failed to identify any reason for a Rule 54(b) certification other than the fact that the claims against Defendants Palmstreet, Li, and Ciccoli have been resolved prior to the claims against other Defendants. This is insufficient to outweigh this Court's interest in preserving judicial economy. Plaintiffs may appeal the Court's prior Order when all remaining issues have been decided.

**CONCLUSION**

Accordingly, Plaintiffs' Motion for Entry of Partial Final Judgment Under Rule 54(b) (Doc. 119) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 11, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE